JAMES W. KENNEY *vs.* H. W. HABICH & others.

Suffolk. March 5. — July 3, 1884. DEVENS & COLBURN, JJ., absent.

In an action against several defendants for malicious prosecution, the jury returned a verdict against each defendant for different and largely varying sums. Upon inquiry by the presiding judge, the foreman stated that the aggregate of those sums was the amount which the jury intended to give the plaintiff as damages; to which the jury assented. The judge then instructed the clerk to prepare another verdict against the defendants, by adding together as damages the several sums named in the first verdict. The verdict was then exhibited to each of the jurors in comparison with the former verdict, assented to by them, signed by the foreman, and affirmed as their verdict. During all these proceedings, the jury remained in their seats. *Held,* that the defendants were entitled to a new trial.

TORT for malicious prosecution.

At the trial in the Superior Court, before *Knowlton*, J., the jury were instructed, on the afternoon of June 4, 1883, to seal up whatever verdict was arrived at by them, and then to separate, both of which they did.

On the coming in of the jury on the morning of June 5, 1883, the verdict was opened, and was in the following form :

" SUPERIOR COURT.

" Suffolk, ss.                                   April Term, A. D. 1883.
No. 2781.

KENNEY, *Plaintiff*.   HABICH *et al.*, *Defendants*.

The jury find for the plaintiff, and assess damages in the sum of

$2,000.00 Two thousand dollars against Habich.

$1,000.00 One thousand dollars against Rueter.

$1,000.00 One thousand dollars against Sinclair.

$1,000.00 One thousand dollars against King.

$100.00 One hundred dollars against Bowles.

$150.00 One hundred and fifty dollars against Hitchcock.

$5,250.00.                                   Lucius P. Leonard,
                                                     *Foreman of the Jury.*"

The judge stated to the jury, that the form of their verdict indicated that they misunderstood the instructions of the court as to damages, and that each of the defendants who was found to have participated in the alleged wrong was liable for the entire damages; and inquired of the foreman whether the jury, before making up their verdict, agreed upon the entire damages which the plaintiff had suffered, to which the foreman answered in the affirmative. The judge then asked whether the several sums found against the several defendants in the verdict were fractional parts of that sum found as the entire damages, and whether the aggregate of those several sums was the sum intended by them as compensation for the joint wrong done to the plaintiff. The foreman answered, "·Yes." The jury were then asked whether they all agreed to the answers of their foreman, and they all replied affirmatively. The judge then instructed the clerk to prepare another verdict against these defendants, by adding together as damages the several sums named in the first verdict.

The verdict was then exhibited to each of the jurors, in comparison with the former verdict, assented to by them, signed by the foreman, and affirmed as their verdict, and both papers were retained together upon the files in the case by order of the judge.

During all these proceedings, the jury remained in their seats; and the defendants alleged exceptions to these proceedings.

*A. Russ*, for the defendants.

*W. Gaston & C. L. B. Whitney*, for the plaintiff.

MORTON, C. J.   We are of opinion that there was an irregularity in the rendering and recording of the verdict in this case which entitles the defendants against whom it was rendered to a new trial.

The case was committed to the jury in the afternoon of June 4, 1883, with instructions that they might seal up their verdict and separate.   On the morning of June 5, the jury rendered a verdict finding separate damages against each defendant for different and largely varying sums.   The verdict demonstrates that the jury conducted their deliberations and rendered the verdict under a misapprehension of the law as laid down to them in the charge of the presiding justice.   Under such circumstances, the safe and proper course was for the court again to instruct them as to the law, and request them to deliberate further upon the case.   It was the right of the defendants to have the jury consider their case with a full knowledge of the law applicable to it, and with opportunity for full freedom of discussion.   There is danger that this right may have been impaired by the course pursued by the court, in interrogating the jury and preparing a verdict for them in open court, where no discussion or comparison of views was practicable.   This is not a case of the correction by direction of the court of a mere formal error in a verdict.   Here the verdict as rendered, and the verdict as amended and recorded, differ in substance and in legal effect.   It was competent for the court to send the jury out again with proper instructions, and this was the only course which would fairly preserve all the rights of all parties.   *Brown* v. *Dean*, 123 Mass. 254.   *Pritchard* v. *Hennessey*, 1 Gray, 294.

The case of *Fuller* v. *Chamberlain*, 11 Met. 503, upon which the plaintiff relies, without noticing the other points of difference, merely decides that an irregularity in taking a verdict is not a ground for a motion in arrest of judgment.

*Exceptions sustained.*