JOSEPH S. SPENCER *vs.* HEZEKIAH W. WILLIAMS, administrator.

Worcester.    October 5, 1893. — October 20, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Trial — Verdict.*

If a verdict has been arrived at after the adjournment of court for the day, and has been signed and sealed up by the foreman before the separation of the jury, but they have failed to answer a question which they were directed to answer in connection with their verdict, the judge, upon the presentation of the verdict in court, may direct the jury to retire and answer the question, and may receive and record such answer in connection with the verdict.

CONTRACT, against the administrator of the estate of Polly Crosby, upon a promissory note for $2,500, payable to the plaintiff, and signed " P. Crosby." The answer, among other defences, denied the genuineness of the signature to the note. Trial in the Superior Court, before *Hopkins*, J., who allowed a bill of exceptions, in substance as follows.

At the close of the trial, the judge of his own motion submitted to the jury the following question : " Did Polly Crosby sign the note set out in the plaintiff's declaration ? "

The case was given to the jury in the afternoon, and, before the jury had agreed on their verdict, the court was adjourned until the following morning, the judge instructing the officer in charge that, when the jury agreed, they should seal their verdict and then be allowed to separate and render their verdict at the opening of the court on the following day.

The jury agreed upon a verdict for the defendant soon after the adjournment, and sealed up their verdict signed by the foreman.

At the opening of the court on the following morning, the jury, having been separated over night, were reassembled and presented the sealed package to the court, and on the opening of the same it appeared that the verdict was rendered for the defendant, but the question above stated had not been answered.

Before the verdict was declared, the judge instructed the jury that they should answer the question, and directed them to retire and make such answer. The jury thereupon retired, and afterwards returned into court with the verdict for the defendant and an answer to the question in the negative.

The plaintiff, on the same day, moved to set aside the answer to the question, on the following grounds :

" 1. That, before said question had been answered by the jury, the jury separated and remained separate over night at their various homes. 2. That before the foreman of the jury had signed said question and answer in the negative, the jury separated and remained separate at their several homes over night. 3. That said question was returned into court unanswered, and before said question was answered, and more than twelve hours after said separation, the jury, as required by the court, reassembled in their room, and that then for the first time said question was answered by the jury and signed by the foreman."

At the hearing on the motion, the plaintiff asked the judge to rule, as matter of law, that the answer to the question could not be maintained, and to grant the motion.

The judge declined so to rule, and overruled the motion.; and the plaintiff alleged exceptions.

*T. G. Kent*, for the plaintiff.

*F. B. Smith*, for the defendant.

BARKER, J.   The plaintiff contends that upon a jury trial the presiding justice has no power to receive the answer of the jury to a question which he has required them to answer in connection with their verdict, if the jury has been allowed to separate without reducing to writing their answer to the question.   One of the most important reasons for requiring juries to remain together after the cause is finally committed to them until they have agreed upon their verdict is, that they may reach their conclusions only upon the law and the evidence given them, uninfluenced by other matters.   Distinct questions submitted to them are in connection with their verdict, and of such a nature that the jury cannot properly arrive at a verdict except upon consideration and determination of the specific questions.   When, therefore, as in the case at bar, the verdict has been arrived at, and reduced to writing and signed by the foreman, before the separation of the jury, it is to be inferred that they have before their separation considered the specific questions submitted, and arrived at an agreement as to the answer to be given.   If by mistake or inadvertence the answer has not been reduced to writing and signed before the separation, we think it is still within the power of the court to require the jury to answer the question, and to receive and record the answer in connection with the verdict.   As stated in *Mason* v. *Massa*, 122 Mass. 477, 480, " It is a well settled and long established practice that a jury, when they have returned a finding that is incomplete and defective, may be sent out again in order to correct the error, even though they had separated after their first finding before they came into court."   An omission to assess damages was thus properly cured in the case cited, and also in *Chapman* v. *Coffin*, 14 Gray, 454.   In the former case the proper assessment of damages required only the arithmetical computation of the amount of a note and interest, but in the latter the foreman

said to the court that before they first separated they concluded that the damages would be the amount of the plaintiff's account and interest, which was the correct basis for the assessment of damages. We are therefore of opinion that in the case at bar there were good grounds to infer that the answer of the jury to the specific question had been determined upon by the jury in connection with arriving at their verdict and before their separation, and that under the circumstances, upon the motion for a new trial, the presiding justice was not required to rule as requested by the plaintiff.

We assume that, if he had had reason to suppose that the jury had not considered the question and determined how to answer it before their separation, the presiding justice would not have again sent them out with instructions to make their answer.

*Exceptions overruled.*