JEREMIAH TWOMEY *vs.* JOHN S. LINNEHAN & another.

Suffolk.    December 4, 1893. — March 14, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Writ of Entry — Proof of Title — Instructions to Jury — Defence — Statute of Frauds — Tax Title — Verdict.*

In order to maintain a writ of entry, it is not necessary to show an actual wrongful dispossession or exclusion of the demandant, or an adverse possession by the tenant; but, under Pub. Sts. c. 173, §§ 1–4, the demandant is required to prove only that he is entitled to such an estate as he claims, and that he has a right of entry, and if he proves such estate and right of entry he can recover, unless the tenant proves a better title in himself.

If a request for instructions to the jury is incorrect when applied to some aspect of the case, it cannot properly be given.

At the trial of a writ of entry, one of the defences was that the demandant had bargained the locus to the tenants, and had agreed to convey the title to them, and had put them in possession as part of the bargain, and had broken his agreement and refused to fulfil it, and had never since regained possession; and another defence was title in one of the tenants under a tax deed. The jury found specially that the tenants had agreed to pay the taxes until the purchase money should be paid. *Held,* that the tenants had no ground of exception to the refusal to instruct the jury that the sale for non-payment of taxes did not affect the rights that the tenants had under the original contract to purchase.

At the trial of a writ of entry, one of the defences was that the tenant was in possession of the demanded premises under an agreement of sale by the demandant, who had broken his agreement and had not regained possession. The memorandum of sale did not purport to be signed by the demandant. The judge refused to instruct the jury, as requested by the tenant, that there was a sufficient memorandum under the statute of frauds, and, in the instructions given, did not rule that the demandant must have agreed to convey by a memorandum good under the statute. *Held,* that the tenant had no ground of exception.

At the trial of a writ of entry, one of the defences pleaded by the tenants in a joint answer was title in one of the tenants under a tax deed. The tenants requested the judge to rule that, if the demandant was entitled to recover as against the tax title, he could only so recover against one of the tenants. *Held*, that this request was properly refused.

If, at the trial of an action, the jury are correctly instructed that certain facts, if proved, are a legal defence, the defendant is not harmed by the refusal to instruct the jury that those facts are also a defence under St. 1883, c. 223, § 14.

The tenant in a writ of entry cannot maintain his defence by showing title in himself under a tax deed, if the tax sale was suffered or procured by him in violation of his agreement with the demandant to pay the tax.

If the foreman of the jury, at the trial of a writ of entry, to whom is given two printed forms of verdict differing only in the fact that one contains the word "not," by mistake signs the wrong form, and the mistake, which is naturally suggested to the judge by the inconsistency of the verdict with the answer to a question submitted with the verdict, is made certain by the answer of the jury to an inquiry addressed to them by the judge, there is no error in allowing the jury, without again retiring, to amend the verdict, or in receiving and recording the verdict so amended.

WRIT OF ENTRY, against John S. Linnehan and Bessie Linnehan, his wife, to recover possession of certain premises in Chelsea. At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict for the demandant; and the tenants alleged exceptions, which appear in the opinion.

*G. A. A. Pevey*, for the tenants.

*R. Lund*, (*P. B. Kiernan* with him,) for the demandant.

BARKER, J. The tenants excepted to the refusal to give certain instructions, to the rulings given, and also to the proceedings by which the verdict first signed was amended in open court and received and recorded. The whole charge is stated, but the exception to the rulings given must be construed to be to those only which were contrary to the requests. At the hearing the exceptions to the refusal to give the requests numbered 2, 3, 4, 5, 8, 9, 12, and 15 were waived.

1. The first, sixth, and seventh requests were upon the theory that an actual wrongful dispossession or exclusion of the demandant, or an adverse possession by the tenants, must be shown to maintain the action. But under our statutes the demandant declaring on his own seisin alleges a disseisin, and is required to prove only that he is entitled to such an estate as he claims, and that he has a right of entry. The suit is prosecuted and conducted as if the demandant had made an actual entry and had been immediately ousted, and if he proves his estate and right

of entry he recovers, unless the tenant proves a better title in himself. Pub. Sts. c. 173, §§ 1–4. It is true that, as provided in § 6 of the same chapter, a person in possession who has actually ousted the demandant, or has withheld possession from him, may be considered, at the election of the demandant, as a disseisor, although he claims an estate less than a freehold; and that one of the defences in the case at bar was an allegation that the demandant had bargained the locus to the tenants, and had agreed to convey the title to them, and had put them in possession as part of the bargain, and had broken his agreement and refused to fulfil it, and had never since regained possession.

But there was a further joint answer of title in one of the tenants under a tax deed, and each of these three requests was incorrect when applied to some aspect of the case, and so could not properly be given. Upon the question whether the tax deed was a better title than that shown by the demandant, it would have been incorrect to rule that an actual wrongful dispossession or exclusion of the demandant, or an adverse possession by the tenants, must be shown to entitle the demandant to recover.

2. As to the tenth request,* the jury found specially that the tenants had agreed to pay the taxes until the purchase money should be paid. And as to the eleventh request,* the question whether there was a sufficient memorandum under the statute of frauds was immaterial, because the instructions given did not hold that the demandant must have agreed to convey by a memorandum good under the statute. And, again, the memorandum does not purport to be signed by the demandant.

3. The thirteenth request, that, if the demandant was entitled to recover as against the tax title, he could only so recover against one of the tenants, was in effect a request to rule that the demandant could not recover against the other tenant, and was properly refused. If the tax title had been the only issue, and John S. Linnehan had disclaimed, the instruction might

---

\* These requests for instructions were as follows:

" 10. The sale for non-payment of the taxes does not affect the rights of the tenants that they have under the original contract to purchase, under all the facts in this case.

" 11. Under the facts in this case, there is a sufficient memorandum, under the statutes, to bind the demandant to the original contract of purchase."

have been correct; but in the actual posture of the case the demandant could recover against both tenants, although only one of them was a grantee under the tax title.

4. The fourteenth request may be considered in connection with the exception to the rulings given. As before stated, one of the defences alleged was, in substance, that the demandant had bargained the locus to the tenants and promised them a deed upon considerations to be performed by them, and as a part of his bargain had placed them in possession ; that they had either performed their part of the agreement or had been prevented or excused by the demandant from performing it, and that he had broken his part of the agreement, and that they were yet in possession and had the right of possession under their agreement to purchase. The fourteenth request was, in effect, that these alleged facts would entitle the tenants to be relieved, under St. 1883, c. 223, § 14, against the demandant's cause of action. This is the provision that in actions at law the defendant may " allege as a defence any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action, or against a judgment obtained by the plaintiff in such action." The tenants were not harmed by the refusal to give this instruction. The jury were told that, if there was such an agreement, and the tenants had performed or offered to perform it and had been prevented or excused from performing it, then the demandant would not be entitled to possession, and that he was not entitled to recover unless he was entitled to possession. If correct as a statement of law, it would have been of no advantage to the tenants to state that facts which were a legal defence were also a defence under the statute cited.

The instructions were correct, and sufficient to enable the jury to deal with all the aspects of the case. The tenants could not set up a tax sale which was suffered or procured by them to enforce a tax which they had agreed that they would pay. In other words, the demandant was entitled to avail himself, in answer to the defence of the tax sale, of the fact that that sale was suffered or procured contrary to an express agreement with him that the tenants would pay the tax, because that fact would entitle him to be absolutely and unconditionally relieved in equity against

that defence. See St. 1883, c. 223, § 14. Assuming that the tax was duly levied, and the sale properly made, so that an absolute title under it was in the purchaser, the fraud of the tenants in suffering or procuring the sale entitled the demandant to be absolutely and unconditionally relieved against it as a defence against his writ of entry.

5. There was no error in allowing the jury, without again retiring, to amend the written verdict first signed and handed to the court, or in receiving and recording the verdict so amended. The inquiry of the court was naturally suggested by the written answer submitted with the verdict, which answer was inconsistent with the verdict as first written and signed by the foreman. Two printed forms had been given to the jury, differing only in this, that in one was the word " not." The fact that by mistake the foreman had signed the wrong form, which did not express the verdict upon which the jury had agreed, was made certain by an inquiry not calculated to influence the reply, and an answer which called for no consultation ; and when that fact was ascertained the correction of the error was merely a clerical matter. It was proper for the presiding justice to ascertain whether the jury desired to have the correction made, because, even if there had been no mistake, each juror had the right to withdraw his assent to the verdict until it had been received and recorded. But this was a matter for individual action rather than for joint deliberation, and the court might allow the jury to correct the mistake without retiring and consulting by themselves. There was no room for the supposition that they had conducted their deliberations and arrived at their verdict under a misapprehension of the law. They were not called upon to make a verdict which they had not before arrived at or agreed upon. The only question was whether the written verdict was their true verdict, or a clerically erroneous expression of it. The case is not governed by *Kenney* v. *Habich*, 137 Mass. 421 ; and, in accordance with those cases which hold that palpable errors in the written verdict may be amended when the verdict is returned into court, the course taken was correct. See *Spencer* v. *Williams*, 160 Mass. 17, and cases cited ; *Winslow* v. *Draper*, 8 Pick. 170 ; *Lawrence* v. *Stearns*, 11 Pick. 501. No doubt the verdict as amended and recorded differed totally in legal effect

from that first signed by the foreman. But the verdict as amended and recorded was the verdict agreed upon, and which but for the error would have been signed. The jury made no change in their verdict, but corrected a wrong statement of it. They already had agreed that the tenants did disseise the demandant, and merely corrected a clerical error. In *Capen* v. *Stoughton*, 16 Gray, 364, where a sheriff's jury, by a mistake like that made in the case at bar, signed and returned a verdict for the respondents when they in fact had agreed upon and intended to return a verdict for the petitioners, the court speak of the mistake as a clerical error, saying: " The error consisted, not in making up their verdict on wrong principles or on a mistake of facts, but in an omission to state correctly in writing the verdict to which they had, by a due and regular course of proceeding, honestly and fairly arrived." The correction of such errors by the unanimous assent of the jury in open court is, in our opinion, correct upon principle, and is not forbidden by the precedents cited. *Exceptions overruled.*