## LOUIS LEVINE *vs.* GLOBE STREET RAILWAY COMPANY.

Bristol.    October 22, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Correction by Jury of Mistake in Verdict.*

The foreman of the jury having signed the wrong paper, but not having filled in the blanks, it read as a verdict for the plaintiff, without any statement of the amount of damages. On inquiry by the judge, it was ascertained that before separating the jury found for the defendant, and that the foreman had signed the wrong paper. The jury were then told that if they wished they might retire and correct any mistake. They did so, and brought in a verdict for the defendant. *Held,* that the proceedings were within the authority of the court.

TORT, for personal injuries.  At the trial in the Superior Court, before *Fessenden,* J., the plaintiff moved to set aside the verdict for the defendant for reasons stated in the opinion. The judge overruled the motion, and, at the request of the parties, reported the case for the determination of this court. If the proceedings with reference to the verdict were within the authority of the court, then judgment was to be entered for the defendant upon the verdict; otherwise, the verdict was to be set aside and a new trial ordered.

*J. M. Morton,* Jr., for the plaintiff.

*M. G. B. Swift,* for the defendant.

LATHROP, J.   There can be no doubt of the power of the judge in the court below to send out the jury to find a proper verdict, as the verdict which they had sealed up before separating was a defective one.  *Pritchard* v. *Hennessey,* 1 Gray, 294. *Chapman.* v. *Coffin,* 14 Gray, 454.  *Mason* v. *Massa,* 122 Mass. 477.   *Spencer* v. *Williams,* 160 Mass. 17.   *International Trust Co.* v. *Wilson,* 161 Mass. 80.

In *Commonwealth* v. *Tobin,* 125 Mass. 203, 206, the rule is thus stated as to the power of the court when the jury bring in a verdict after separating: "In a civil action, if the written verdict does not pass upon the whole case, or the jury refuse to affirm it, the court may send them out again, and a fuller or different verdict afterwards returned will be good."

In the case before us, the foreman of the jury signed the wrong paper, but did not fill in the blanks. It read, therefore, as a verdict for the plaintiff, without any statement of the amount of damages. The verdict as it stood was incomplete. On inquiry by the judge, it was ascertained that before separating the jury found for the defendant, and that the foreman had signed the wrong paper. The jury were then told that if they wished they might retire and correct any mistake. They did so, and brought in a verdict for the defendant.

In *Capen* v. *Stoughton*, 16 Gray, 364, 367, where the foreman signed the wrong blank form of verdict, as in the case before us, it was said by Chief Justice Bigelow, in considering the admissibility of the evidence of the jurors, that such evidence was " offered only to show a mistake, in the nature of a clerical error, which happened after the deliberations of the jury had ceased, and they had actually agreed on their verdict. The error consisted, not in making up their verdict on wrong principles or on a mistake of facts, but in an omission to state correctly in writing the verdict to which they had, by a due and regular course of proceeding, honestly and fairly arrived."

It is true that in the case just cited the question came before the court on a motion to vacate the judgment and bring the case forward on the docket; but this was because the mistake was not discovered until after the wrong verdict had been received and judgment entered. We cannot doubt that if the mistake had been discovered before the verdict had been recorded, relief would have been granted in the manner adopted in the case at bar.

*Twomey* v. *Linnehan*, 161 Mass. 91, 95, is a case like the present, where the wrong verdict was signed before the jury separated, and the mistake was allowed to be corrected in open court, without the jury being sent out for further consultation. The fact that the jury had separated does not clearly appear in the report of that case, but an examination of the bill of exceptions shows this to have been so. It further appears from the exceptions that the error was corrected by the foreman's signing the other form of verdict, and not, as counsel has argued to us, by striking out a single word in the verdict first signed.

*Judgment on the verdict.*