GEORGE C. GOODRUM *vs.* JOHN H. GRIMES.

Bristol.    October 27, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil,* Exceptions, New trial. *Rules of Court.*

Rule 48 of the Superior Court, providing that, when further instructions are given in the absence of counsel after the jury have retired, the presiding judge may permit exceptions thereto at any time within twenty-four hours next following, is to enable counsel to ascertain what has passed in their absence and to give them an opportunity to except, and the time for taking an exception is not enlarged by the failure of counsel to ascertain what happened in their absence.

Rule 44 of the Superior Court requiring a motion for a new trial on account of any opinions or decisions of the judge, given in the course of the trial, to be filed within three days after verdict is returned, unless the time for filing such motion is extended by the judge, does not permit an exception to the denial of such a motion for a new trial filed after the three days.

Further instructions, in the absence of counsel, to a jury after they have returned a verdict which the judge considers imperfect in form, and still further instructions after the jury have been sent out for a second time and again have come into court, are "opinions or decisions of the judge, given in the course of the trial," within the meaning of Rule 44 of the Superior Court requiring a motion for a new trial to be filed within three days after the verdict is returned. ·

REPLEVIN, by a mortgagee of certain articles of personal property under a mortgage given by Patrick Grimes, of whose

estate the defendant was administrator, to secure the payment of certain notes.   Writ dated April 21, 1900.

The trial, in the Superior Court before *Stevens*, J., took the course stated in the opinion; and a verdict was entered for the defendant in the sum of $638 in the manner there described. The plaintiff alleged exceptions.

*L. E. Wood*, for the plaintiff.

*J. M. Swift & J. A. Kerns*, for the defendant.

BARKER, J.   The action is replevin for goods which had been mortgaged to the plaintiff by the defendant's intestate.   It was committed to a jury who after retiring returned into court with two written verdicts, one for the plaintiff in the sum of $500, the other for the defendant in the sum of $638.   The verdicts were in the usual way passed to the presiding judge, who after examining them returned to the jury the verdict in favor of the plaintiff, gave further instructions and again sent them out to consider further, the judge retaining the verdict in favor of the defendant.   After some time the jury again returned and asked for further instructions, the foreman stating that from the evidence they were not able to find what was due the plaintiff on his notes.   The judge instructed them that they were not to consider the notes.   The foreman then asked if the amount of the notes would be deducted from their finding for the defendant.   The judge replied that they were not to consider that. The foreman then said: "Then we have agreed upon our verdict, haven't we?" and the judge said, "I think you have," and thereupon the verdict for the defendant which the judge had retained, was passed to the clerk, and he asked the foreman and the jurors in the usual manner if that was their verdict, to which without further proceedings they assented and the verdict was recorded.   When the jury first returned neither the plaintiff nor his counsel were in court.   His counsel was in court when the jury returned the second time, and did not object to the proceedings nor except.   Some two months or more afterwards the plaintiff moved for a new trial because the proceedings in returning the verdict were irregular and illegal, and upon the overruling of this motion the plaintiff excepted.

All the things now complained of were done in the course of the trial and before the verdict was returned, and all of them

were matters for exception if the plaintiff thought there was error. So far as they occurred after the jury had first retired and in the absence of counsel, the plaintiff had twenty-four hours under Rule 48, to ascertain them and except. So far as they took place in the presence of counsel his remedy was to except to them at the time, which was not done. The action of the presiding judge was an opinion or decision of the judge given in the course of the trial within the meaning of Rule 44. As the motion for a new trial was not filed within three days it could not be sustained because of the prohibition contained in Rule 44.

The fact that the plaintiff's counsel did not know until after the expiration of the time in which he might have excepted, that the paper verdict for the defendant was retained by the judge, if that course was error, which we do not intimate, gave him no right of exception to the overruling of his motion for a new trial made after the expiration of the time limited by Rule 44, because he had had an opportunity of excepting to that retention and did not except. *Commonwealth* v. *Morrison*, 134 Mass. 189. The twenty-four hours allowed in case counsel are absent when a jury returns after the case has been committed to them, are to enable counsel to ascertain what has passed in their absence, and give full opportunity to except. *McCoy* v. *Jordan*, 184 Mass. 575.

*Exceptions overruled.*