IDA B. JAMES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     November 14, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Conduct of trial: setting aside verdict, ordering verdict; Exceptions, Report. *Superior Court. Rules of Court. Negligence,* Street railway.

A judge of the Superior Court has no power, after a verdict has been returned and recorded, to grant a motion of one party, without notice to the adverse party and in his absence, that the verdict be set aside and the case be reported to this court for determination.

So much of Rule 45 of the Superior Court as provides that, "When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following," has no application to the action of a judge in setting aside a verdict for a plaintiff after it has been returned and recorded and ordering the jury to return a verdict for the defendant.

After a verdict has been returned and ordered recorded, the deliberations of the jury are ended and no further instructions as to the questions raised at the trial properly can be given to them.

Where, after a verdict for a plaintiff has been returned and ordered recorded, the defendant moves that the verdict be set aside and that the case be reported to this court, and the presiding judge, without notice to the plaintiff and without the plaintiff being given an opportunity to be heard, sets the verdict aside, orders a verdict for the defendant and reports the case to this court, filing a memorandum stating that he agreed to report the case to this court and that, if his ordering of a verdict for the defendant was right, judgment is to be entered upon such verdict and "otherwise, judgment" is "to be entered for the plaintiff in the sum fixed by the jury," the rights of the plaintiff with regard to the propriety of the action of the judge are fully saved.

At the trial of an action by a woman against a street railway company for personal injuries, there was evidence tending to show that the plaintiff, while she was the only person other than the motorman and the conductor upon a car of the defendant, informed the conductor that she wished and intended to alight at a certain regular stopping-place, that the car stopped at that place, and that,

while the conductor stood upon the front platform of the car, the plaintiff passed to the rear platform through the rear door, shut the door, and lifted one foot, when she heard two bells and the car started suddenly forward, and that she then "knew no more." There also was evidence that the plaintiff afterwards was found lying injured beside the street railway track. The foregoing evidence was contradicted. There was a verdict for the plaintiff. *Held,* that the verdict was warranted.

TORT for personal injuries alleged to have been received by the plaintiff by reason of a car of the defendant being started as she was in the act of alighting therefrom at the corner of Centre Street and Walden Street in that part of Boston called Jamaica Plain. Writ dated January 8, 1909.

In the Superior Court the case was tried before *Dubuque,* J. Besides the testimony of the plaintiff stated in the opinion, she testified that, at the time when she was injured, she was the only person on the car excepting the motorman and the conductor, that, after she reached the rear platform and raised one foot, she heard two bells "and knew nothing more," excepting that she felt the starting of the car and a jerk of the car, and that, when she heard the two bells, she was attempting to get off from the right hand side of the rear platform of the car. There also was evidence that the plaintiff afterwards was found lying unconscious beside the street railway track. There was a verdict for the plaintiff in the sum of $1,000, which, under the circumstances stated in the opinion, the judge set aside. He ordered a verdict for the defendant, and reported the case to this court for determination. The memorandum filed by the judge and referred to in the opinion was as follows:

"A jury returned a verdict for the plaintiff and the Court, upon the defendant's motion, set aside such verdict and ordered a verdict to be returned for the defendant, upon the ground that there was not sufficient evidence to warrant a verdict for the plaintiff.

"The Court agrees to report the case to the Supreme Judicial Court for the Commonwealth: if the ruling of the Court, in ordering a verdict for the defendant, was right, then judgment to be entered upon the verdict so ordered, for the defendant; otherwise, judgment is to be entered for the plaintiff in the sum fixed by the jury."

*E. W. Philbrick,* for the plaintiff.

*F. Ranney,* (*T. Allen, Jr.* with him,) for the defendant.

BRALEY, J. By the terms of the report "it is agreed by the parties that if the plaintiff's exceptions were properly alleged, saved and filed, and should be sustained, or if, for any reason, the plaintiff is entitled to a new trial, then judgment is to be entered for" her "in the sum fixed by the jury." The procedure at the trial was fluctuating and unusual. At the close of the plaintiff's evidence the defendant requested a ruling that she was not entitled to recover. The judge upon hearing counsel announced that the request would be granted, and after saving exceptions counsel for the plaintiff left the court room. The defendant's counsel, however, almost immediately asked to have the case submitted to the jury, and thereupon plaintiff's counsel returned, and the taking of evidence was resumed. The defendant when the testimony was in excepted to the submission of the case to the jury, "on the ground of insufficiency of the evidence." Apparently this ruling was refused, and the jury returned a verdict for the plaintiff. It may be inferred that this result was unanticipated, for on the return of the verdict a motion to set it aside upon the ground, that there was not sufficient evidence to warrant it, and that the case be reported to this court, was promptly filed by the defendant. The judge, without notice to the plaintiff's counsel, and in his absence, at once set the verdict aside and directed a verdict for the defendant, which was returned. If seasonably excepted to the order would have been vacated, as the proceedings were not only irregular, but a nullity. R. L. c. 173, § 112. *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 229. *Shanahan* v. *Boston & Northern Street Railway*, 193 Mass. 412. The defendant urges that under Rule 45 of the Superior Court, that, "When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following;" the plaintiff's exceptions, which appear to be in proper form to raise the question, were filed too late. *McCoy* v. *Jordan*, 184 Mass. 575, 582. *Goodrum* v. *Grimes*, 185 Mass. 80. The position is well taken if the rule is applicable, as the exceptions were not filed until eleven days after counsel for the plaintiff had been notified of the order. If upon reading the verdict after it had been handed to him by the clerk and before ordering it affirmed and recorded, the judge had directed

a verdict for the defendant his instructions would have been within the rule. *McManus* v. *Thing,* 208 Mass. 55, 59. But when the verdict had been returned and ordered recorded, the deliberations of the jury were ended and no further instructions as to the questions raised at the trial properly could be given. *Brown* v. *Dean,* 123 Mass. 254, 266, 267. It moreover should be noted that, the order or memorandum granting the motion and directing the verdict having provided that the case should be reported as requested in the motion, the plaintiff's rights, as the judge intended, are fully saved by the report, with the acquiescence of the defendant.

We accordingly pass to the merits. Very plainly a verdict for the defendant could not have been ordered. The jury would have been warranted in finding that the plaintiff, upon becoming a passenger, informed the conductor that she wished and intended to alight at Walden Street, a regular stopping place. The car having stopped at the street, the conductor was required to use reasonable care to ascertain if she had alighted before it was again started. But the plaintiff testified, that the conductor stood on the front platform, as she moved to the rear door, passed to the platform, shut the door, and lifted her foot when she heard two bells, and the car suddenly moved forward, causing the accident. Although there was contradictory evidence, the credibility of the witnesses and the weight of their testimony was for the jury. It is sufficient, that they were at liberty to believe her statements, and, as the verdict shows, the negligence of the defendant and her own due care, had been proved to their satisfaction. *Vine* v. *Berkshire Street Railway,* 212 Mass. 580, and cases cited.

The plaintiff accordingly is to have judgment as stipulated.

*So ordered.*