HELEN L. FLAHERTY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.  March 9, 1920. — April 1, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Practice, Civil*, Ordering verdict. *Negligence*, Street railway.

Where the evidence at a trial does not warrant a verdict for the plaintiff, the trial judge, after the return of a verdict for the plaintiff but before it has been affirmed and recorded, may order a verdict entered and recorded for the defendant.

At the trial of an action against a street railway company in a city by a passenger upon one of its open cars for injuries resulting from contact with a chemical solution which had been used by firemen of the city fire department to extinguish a fire on an overhead structure of the defendant, there was evidence that the plaintiff was seated on the front seat of the car next the motorman, that the car was stopped by an inspector of the defendant before reaching the point of the fire and that the motorman after a few minutes by order of the inspector proceeded with the car, and that drops of the solution came in at the front of the car and fell upon the plaintiff. There also was evidence that, "while the car was going up the street," the firemen were playing the solution upon the overhead structure but stopped before the car came to a standstill, that the solution was dripping from the structure and looked like water. There was no evidence that either the inspector or the motorman knew or had reason to know the injurious qualities of the solution. *Held,* that

(1) The evidence fully warranted the jury in finding that the plaintiff was in the exercise of due care in remaining in her seat during the time the car was at a standstill and when it moved;

(2) In the absence of knowledge that contact with the solution probably would cause harm to a person, neither the inspector nor the motorman was negligent in ordering the car forward or in going ahead with it although drops of the liquid had not entirely ceased to fall from the structure.

TORT for personal injuries resulting to the plaintiff, while a passenger on an open street car of the defendant, from the dripping upon her of a chemical solution which had been used in extinguishing a fire on the overhead structure of the defendant by firemen of the city of Boston fire department. Writ dated June 16, 1916.

In the Superior Court the action was tried before *J. F. Brown,* J. The material evidence is described in the opinion. The jury returned a verdict for the plaintiff. The judge refused to accept it, ordered a verdict for the defendant and reported the case for determination by this court with the stipulation that, if the action should have been submitted to the jury, judgment in favor of the plaintiff should be entered in the sum of $175 with interest and costs; otherwise, that the verdict for the defendant was to stand.

*A. A. Silton,* for the plaintiff.

*E. P. Saltonstall,* (*L. Saltonstall* with him,) for the defendant.

PIERCE, J. This is an action of tort for injuries sustained by the plaintiff on May 11, 1916, at about 5 : 54 P.M., while she was a passenger on an outbound open car of the defendant on Washington Street at Savoy Street. No question is raised as to the sufficiency of the pleadings. The presiding judge at the close of the trial in the Superior Court refused to accept a

verdict for the plaintiff and ordered the jury to return a verdict for the defendant, which was done, and the plaintiff's exceptions were duly saved.

Assuming, as we must in the silence of the record, that the first verdict of the jury, for the plaintiff, was not affirmed and recorded before the judge had ordered a verdict for the defendant, it follows that the judge acted within his right, and that the only question of law saved by the plaintiff's exceptions is whether any aspect of the evidence required that the plaintiff's case should be submitted to the jury. See *Byrne* v. *Boston Elevated Railway*, 198 Mass. 444, 451; *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410; *James* v. *Boston Elevated Railway*, 213 Mass. 424.

The evidence in its aspect most favorable to the contention of the plaintiff warranted the jury in finding that the plaintiff, as a passenger, was seated on the front seat on an open car of the defendant as it proceeded along Washington Street, Boston; that she retained her seat while the car was stopped for five or ten minutes at Savoy Street by the motorman, at the order of a man with a blue uniform and a hat on which was a brass plate inscribed with the word "Inspector," and continued to occupy the same seat when the motorman, ordered by the same person who had ordered that the car be stopped, sent the car ahead "at a pretty quick speed;" that, shortly before the car on which the plaintiff was a passenger arrived at Savoy Street, there had been a fire on the elevated structure of the Boston Elevated Railway Company near Savoy Street, which had been extinguished by a chemical solution of bicarbonate of soda, water and vitriol, passed through three hundred and fifty feet of hose of the city of Boston fire department; that the firemen played the hose of the chemical engine on the elevated structure "while the car was going up the street," but stopped "playing" and were winding up the hose before the car came to a standstill; that the "structure or the overhead iron work was dripping the way it would after a rain storm;" that the car remained stopped five or ten minutes; that the "man with a blue uniform with the word 'Inspector' on his hat" beckoned the motorman to go ahead; that in response to the signal the motorman started the car and went ahead after sounding his gong, "quick;" that the motion of the car and the wind from the outside forced the drops as they fell into the front of the car in the form of a spray, which looked like

water and came in through the front of the car and injured the
eyes and dress of the plaintiff.

The evidence would fully warrant the jury in finding that the
plaintiff was in the exercise of due care in remaining in her seat
during the time the car was at a standstill and when it moved.
The falling drops had to her the appearance of water or of a white
liquid, and so far as the evidence discloses she had no knowledge of
their chemical composition.

And the evidence was entirely inadequate to warrant a finding
that the motorman or inspector was negligent.   The chemical en-
gine was in charge of and operated by firemen of the fire department
of the city of Boston.   The record discloses no facts to justify the
inference that either the inspector or the motorman knew or should
have known that the liquid used by the fire department in ex-
tinguishing fires with chemical engines would probably cause harm
of some kind and degree to some person whom it should strike or
envelop, unless active measures were taken to guard and protect
such a person from its contact.   In the absence of such knowledge,
it was not negligent to order the car forward or to go ahead with
it although drops of liquid had not entirely ceased to fall from the
structure.

It follows by the terms of the report that "the verdict for the
defendant is to stand."

*So ordered.*