COMMONWEALTH *vs.* EUGENE CLIFFORD.

Middlesex. December 9, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Breaking and Entering. Larceny. Practice, Criminal,* Verdict, New trial.

Questions of law that could have been, but were not, raised by the defendant at the trial of an indictment cannot be raised as a matter of right on a motion for a new trial; in such circumstances the motion is addressed to the discretion of the court and its decision will not be revised by this court on exceptions.

At the trial of an indictment charging two defendants with breaking and entering in the night time and larceny, the only evidence that the breaking and entering was in the night time was applicable to the first defendant, and the jury were instructed that the second defendant could not be found guilty of that offence, but, if found guilty, could be found guilty only of breaking and entering in the daytime and larceny. The jury found both defendants guilty of breaking and entering in the night time and larceny. The second defendant at the time of the rendering of the verdict made no motion with regard thereto, but later moved for a new trial on the ground that the verdict was contrary to the instruction by the trial judge. The motion was denied. The second defendant was sentenced for breaking and entering in the daytime and larceny. *Held,* that no error prejudicial to the second defendant was shown.

INDICTMENT, found and returned on October 10, 1924, charging that Leo O'Connor and Eugene Clifford on July 13, 1924, "in the night time did break and enter the shop of Morris Levin situated in said Cambridge with intent therein to commit larceny, and did steal" certain merchandise therefrom.

In the Superior Court, the indictment was tried before *Lawton,* J. Proceedings at the trial and on a motion made by the defendant Clifford for a new trial are described in the opinion. Both defendants were found guilty of breaking and entering in the night time and of larceny, and both were sentenced for breaking and entering in the daytime and for larceny. A motion by Clifford to stay execution of sentence was denied.

The defendant Clifford alleged exceptions to the action

of the trial judge in denying his motions and in imposing sentence as upon a verdict for an offence less than that of which he was found guilty by the jury.

*C. W. Rowley,* for the defendant.

*A. K. Reading,* District Attorney, & *S. H. Lewis,* Assistant District Attorney, for the Commonwealth, submitted a brief.

SANDERSON, J.   The defendant was indicted with one O'Connor for breaking and entering a building in the night time with intent to commit larceny, and with stealing in the building.   The only evidence that the crime was committed in the night time was a statement to that effect made by the defendant O'Connor to an officer.   The trial judge in admitting this evidence ruled that it was inadmissible as against Clifford, and instructed the jury that there was no evidence to warrant his conviction of the full offence charged in the indictment; that if they were satisfied that he broke and entered the store, the verdict as to him should be guilty of breaking and entering in the daytime.   The jury returned a general verdict of guilty against both defendants, which was duly received and recorded.   Three days thereafter, the defendant Clifford filed a motion that the verdict be set aside and a new trial granted.   The first exception in the case relates to the refusal of the trial judge to allow this motion and to make certain findings of fact and rulings of law connected therewith.   The grounds of the motion were that the verdict was against the law and the evidence, and that the jury failed to follow the instructions of the court, stated above.

No error of law is disclosed in the refusal of the judge to make the findings of fact requested.   The rulings requested and refused were: (1) The verdict of guilty of breaking and entering in the night time was against the evidence and contrary to the instructions properly given by the court; and (2) The verdict must be set aside and a new trial ordered.

After the motion for new trial was denied, the defendant Clifford was called to the bar for sentence and the court, in rendering judgment, did not impose sentence for the offence of which the defendants stood convicted, but for the lesser crime of breaking and entering in the daytime, and directed

the clerk so to enter up the judgment. The record of judgment against Clifford is "For breaking and entering in daytime and larceny." He excepted to the rendition of judgment against him for an offence other than that of which he stood convicted by the jury.

Upon an indictment for breaking and entering with intent to commit larceny, the defendant can be convicted upon evidence which proves that the offence was committed in the night. *Commonwealth* v. *Reynolds,* 122 Mass. 454, 457. In that case the court said "If the jury were satisfied that it was done in the daytime, it came within the language of the section; if in the night-time, then proof of the aggravated offence would justify conviction for the offence of lower grade. The defendant cannot complain, if the offence was committed in the night-time, that he has been subjected to the lesser penalty; and this conviction will be a bar to any subsequent indictment charging him with the same offence with the aggravating circumstance."

A defendant, charged with breaking and entering with intent to steal and stealing in the night time, may be convicted of a part of the crime charged. G. L. c. 278, § 12. *Commonwealth* v. *Lang,* 10 Gray, 11.

The question to be decided is, whether a defendant who has been convicted of an aggravated offence upon evidence which justifies his conviction of no more than the offence without the aggravation, may be legally sentenced for the offence without the aggravation. Under the instructions it was the duty of the jury, if they believed the defendant guilty of breaking and entering and larceny, to convict him of so much of the indictment as charged that offence. *Commonwealth* v. *Anthes,* 5 Gray, 185. *Commonwealth* v. *Marzynsky,* 149 Mass. 68. Whether the judge should have directed the jury, when the verdict was returned and before it was affirmed and recorded, to correct their verdict against Clifford in accordance with his instructions, is not raised on this record. Then the judge might have given directions concerning the verdict. *Twomey* v. *Linnehan,* 161 Mass. 91, 95. *Levine* v. *Globe·Street Railway,* 177 Mass. 204. *Whitney* v. *Commonwealth,* 190 Mass. 531, 536. *Flaherty* v. *Boston Ele-*

*vated Railway,* 235 Mass. 422. The defendant made no request at that time and saved no exception to the failure of the judge to act in the matter. *Commonwealth* v. *Borasky,* 214 Mass. 313, 321.

Questions of law that could have been raised at the trial and were not, cannot, as matter of right, be raised by a motion for a new trial. The motion in such cases is addressed to the discretion of the court and its decision will not be revised by this court on exceptions. *Commonwealth* v. *Morrison,* 134 Mass. 189. *Robbins* v. *Brockton Street Railway,* 180 Mass. 51. *Commonwealth* v. *Turner,* 224 Mass. 229, 238. *Commonwealth* v. *Borasky, supra. Commonwealth* v. *Russ,* 232 Mass. 58, 82. *Ryan* v. *Hickey,* 240 Mass. 46. *Crowdis* v. *Hayward,* 233 Mass. 377, 381. The prosecuting officer had power after verdict to enter a *nolle prosequi* as to the whole or any substantive part of the indictment. *Commonwealth* v. *Tuck,* 20 Pick. 356, 366. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 19. If a general verdict of guilty is returned on an indictment for larceny with allegations as to the property stolen in part defective, a sentence may be imposed for so much of the offence as is well charged. "So far as the verdict rendered is legally and properly rendered, it may avail for the purposes of judgment and sentence." *Commonwealth* v. *Eastman,* 2 Gray, 76. *Commonwealth* v. *Lawless,* 103 Mass. 425, 434.

In *Commonwealth* v. *Lawless, supra,* the defendant was indicted for stealing several articles of personal property each alleged to be of the value of $100 and of a total value of $700. Under instructions the jury were justified in convicting if they found that any one of the articles was stolen and if it was of any value. No evidence was offered as to the value of one or more of the articles. The jury returned a general verdict of guilty. It was held in that case that the verdict could not operate as a finding that the property proved to have been stolen exceeded $100 in value, but that the ends of justice would be better served by allowing it to stand as a verdict of guilty of larceny of property not exceeding the value of $100 than by sending the case back for another trial. The court said at page 433: "The jury have found the de-

fendant guilty of larceny, upon proper evidence, and under instructions which we hold to be unexceptionable. The offence is the same in character, whether punishable by the greater or the lesser penalty. It is wholly set out in one section of the statute, and by the same words; the distinction consisting only in the degree of punishment inflicted, and that distinction depending solely upon the value of the property stolen. If the allegations of the indictment make the value of the property exceed one hundred dollars, the conviction and sentence can be only of the smaller offence, without proof and the finding of the jury that the value of the property stolen did in fact exceed that sum. But in such case the party may properly be sentenced to the lesser punishment provided by that statute . . . . Upon writ of error, it is always presumed that the sentence has been thus adjusted to the offence or offences of which the party has been properly and legally convicted . . . . This involves the right and the duty of the court so to adjust it . . . . The judge who tried the case might have accepted the verdict and entered judgment as of a conviction for larceny of property not exceeding one hundred dollars in value. The attorney for the government might have avoided this exception by remitting the excess"; in that case the order was, exceptions sustained unless the attorney for the Commonwealth should move for judgment and sentence as upon conviction of larceny of property not exceeding $100 in value.

The practice there approved was in its essential principle followed in the case at bar. There was no legal objection to the defendant Clifford's conviction of the crime charged without the aggravation, and when he was sentenced for the lesser offence his position was the same as it would have been if at the time the verdict was returned the error of the jury in not following the instructions of the court had been corrected. No prejudicial error is disclosed by this record, either in connection with the motion for a new trial or in the entry of judgment.

*Exceptions overruled.*