MADELINE SHEARS *vs.* METROPOLITAN TRANSIT
AUTHORITY
(and a companion case [1]).

Suffolk. Middlesex. February 8, 1949. — June 6, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Verdict, New trial. *Jury and Jurors.*

To encourage inquiry by the parties to litigation of jurors after they have been discharged as to whether they followed their instructions or understood the legal consequences of their verdict and to allow motions affecting the verdict to be decided upon their testimony as to what happened in the jury room in respect to such matters would expose jurors to annoyance and importunity in a great many cases and would be contrary to sound policy. Per QUA, C.J.

[1] The companion case is that of the same plaintiff against B. Perini & Sons, Inc.

After the judge presiding at a trial together of actions against two defendants by the same plaintiff for personal injuries had instructed the jury specifically that if they found both defendants liable they should determine the amount of the plaintiff's damages and return a verdict against each defendant for the full amount so determined, without division thereof between the defendants, and verdicts, bearing no indication of any mistake, awarding the plaintiff the same amount against each defendant had been received and recorded without dissent from any juror, and the jury had been discharged, motions by the plaintiff to amend the verdicts and for a new trial could not properly be allowed on the basis of testimony by affidavits of all the jurors to the effect that the jury had agreed to award the plaintiff as damages a sum twice the amount stated in the verdicts and to return verdicts accordingly and that if the verdicts as returned did not accomplish that result they were "erroneous, due to a mistake or misunderstanding, and should be corrected": the jury's mistake, if any, was not a mere clerical error.

CONTRACT OR TORT. Writ in the Superior Court dated September 19, 1946. Also an action of

TORT. Writ in the Superior Court dated October 8, 1946.

The cases were tried together before *Broadhurst,* J.

*R. L. Cummings,* for the plaintiff.

*C. S. Walkup, Jr.,* for Metropolitan Transit Authority.

*P. S. Ratzkoff,* for B. Perini & Sons, Inc.

QUA, C.J. These actions are for personal injuries suffered by the plaintiff on October 22, 1945, when a street car in which she was riding, controlled by the predecessor of the defendant Metropolitan Transit Authority, came into collision with a motor vehicle operated by the defendant B. Perini & Sons, Inc.

At the trial together of the two actions, the judge instructed the jury that if they found both defendants responsible they should determine the amount of the plaintiff's damages as if there were but one defendant and should return a verdict against each defendant for the full amount, without any division between the defendants. A verdict for the plaintiff in the sum of $3,500 was returned, received, and recorded in each action, no juror indicating any dissent therefrom. Thereafter the plaintiff filed in each action a motion for new trial in which the only ground now important

was that the verdict was against the law and the instructions of the judge. She also filed in each case a motion to amend the verdict so as to record the damages in the sum of $7,000 instead of $3,500. Upon the hearing together of all four motions, the plaintiff produced affidavits of all the jurors stating that the jury agreed to award the plaintiff $7,000 as damages and to return verdicts accordingly, and that if the verdicts as returned "do not record the verdicts awarding said plaintiff Seven Thousand Dollars, as damages, as agreed upon, said written verdicts are erroneous, due to a mistake or misunderstanding, and should be corrected to record the verdicts upon which the jury agreed," and consenting to such correction. The judge denied both motions in each case and ruled that he was without power to amend the verdicts.

The ruling was right.

It is to be noted that when the verdicts were returned they were correct in form, consistent with each other and with the nature of the pleadings, covered all the issues tried, and bore no indication that there had been any mistake. The mistake, if there was one, can be made to appear only through evidence from jurors as to what took place in the jury room. These cases are therefore to be distinguished from cases which may occur where the issues tried and the course of the trial demonstrate that a mistake has been made in the verdict and exactly how it can be corrected without resort to the testimony of jurors. *Clark* v. *Lamb*, 8 Pick. 415. *Jones* v. *Kennedy*, 11 Pick. 125. *Commonwealth* v. *Lang*, 10 Gray, 11, 13. *Chaffee* v. *Pease*, 10 Allen, 537. *Morris* v. *Callanan*, 105 Mass. 129, 133. *Ashton* v. *Touhey*, 131 Mass. 26, 29. *Minot* v. *Boston*, 201 Mass. 10, 13. The cases now before us are also to be distinguished from cases which merely illustrate the practice, more or less common in this Commonwealth, of inquiring of the jury, upon the return of the verdict and before it is recorded and before they are discharged, as to facts found by them, and of making then and there such corrections as are discovered to be necessary. *Dorr* v. *Fenno*, 12 Pick. 521, 525. *Levine* v.

*Globe Street Railway*, 177 Mass. 204. *Newell* v. *Rosenberg*, 275 Mass. 455, 459. *Patterson* v. *Barnes*, 317 Mass. 721, 724–725.

The plaintiff, however, relies particularly upon two cases where evidence of jurors was held competent to prove that a clerical error had been made in the return of the verdict. In *Capen* v. *Stoughton*, 16 Gray, 364, a sheriff's jury had by mistake signed the form of verdict for the respondents when they intended to sign the form for the petitioners, and it was held that the mistake could be shown by evidence of jurors. And in *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386–388, evidence was received from jurors that they had by mistake answered "No" to a question submitted to them, when they had intended to answer "Yes," leaving the answers inconsistent with the general verdict. See *Twomey* v. *Linnehan*, 161 Mass. 91, 95; *Whitney* v. *Commonwealth*, 190 Mass. 531, 540. But the case before us is not of that kind. The affidavits of the jurors do not tend to show clerical error. *Karrick* v. *Wetmore*, 210 Mass. 578, 579–580. So far as appears the jurors intended to return a verdict of $3,500 against each defendant, and that is precisely what they did. There is nothing to show that they then intended that either defendant should pay $7,000. They may have supposed that the plaintiff could collect $3,500 from each defendant, or $7,000 in all, but that would not be a clerical error. That would be an error of law as to the legal consequences of the verdicts they knew they were rendering. That error would be the result of misunderstanding or forgetting the very plain instruction given to them. To encourage inquiry by the parties to litigation of jurors after they have been discharged as to whether they followed their instructions or understood the legal consequences of their verdict and to allow motions affecting the verdict to be decided upon their testimony as to what happened in the jury room in respect to such matters would expose jurors to annoyance and importunity in a great many cases and would be contrary to sound policy and to the principle of a long line of decisions in this Com-

monwealth.[1]  The cases at bar are more nearly within the authority of *Hannum* v. *Belchertown,* 19 Pick. 311, 313. See *Kenney* v. *Habich,* 137 Mass. 421; *Clark* v. *Henshaw Motor Co.* 246 Mass. 386, 389.  And see Wigmore on Evidence (3d ed.) §§ 2355, 2356.  The case of *Capen* v. *Stoughton* has been closely limited in subsequent decisions.  *Bridgewater* v. *Plymouth,* 97 Mass. 382, 391.  *Woodward* v. *Leavitt,* 107 Mass. 453, 464.  And so far as we are aware the case of *Randall* v. *Peerless Motor Car Co.* has not been cited on this point.  The case before us falls within the general rule and not within the narrow exception illustrated by the two cases just mentioned.

The affidavits of the jurors were no more competent as a basis for granting the motions for new trial than they were as a basis for granting the motions to amend the verdicts.

In each case the entry will be

*Exceptions overruled.*

---

[1] *Coffin* v. *Jones,* 11 Pick. 45.  *Murdock* v. *Sumner,* 22 Pick. 156.  *Cook* v. *Castner,* 9 Cush. 266, 278.  *Folsom* v. *Manchester,* 11 Cush. 334, 337–338.  *Boston & Worcester Railroad* v. *Dana,* 1 Gray, 83, 105.  *Chadbourn* v. *Franklin,* 5 Gray, 312, 315.  *Bridgewater* v. *Plymouth,* 97 Mass. 382, 390–391.  *Woodward* v. *Leavitt,* 107 Mass. 453.  *Simmons* v. *Fish,* 210 Mass. 563, 571.  *Dixon* v. *A. J. Cunningham Co.* 257 Mass. 63, 71.

