SARAH ASHTON *vs.* JOHN D. TOUHEY.

Bristol.   Oct. 27, 1880. — April 8, 1881.   ENDICOTT & FIELD, JJ., absent.

If, at the trial of an action of replevin of several articles, it is admitted that the
    plaintiff's title to all the articles depends upon a bill of sale, and the validity of
    this is the only issue tried, and the jury find that it is valid, the defendant is
    not entitled to a verdict for costs, although it is admitted that he did not take
    some of the articles.

If a verdict as affirmed and recorded does not state with technical accuracy the
    finding of the jury upon the issue tried, and the court can see how it should
    be corrected, it will reject what is surplusage and make it conform to the issue
    tried.

REPLEVIN of a stock in trade of groceries and provisions, and
the fixtures and safe, in a certain shop, alleged to have been un-
lawfully and without justifiable cause taken by the defendant,
and to be unlawfully detained by him.   Writ dated February
19, 1880.   The answer denied each allegation in the writ and
declaration ; alleged that the defendant, a constable of the city
of Fall River, attached, on February 16, 1880, the stock in trade
in question, by virtue of a writ dated that day, and issuing out
of the Second District Court of Bristol, in an action in which
William Comoford was the plaintiff, and Joseph Ashton the
defendant; denied that the defendant attached or took into his
custody the fixtures and safe ; and averred that the plaintiff's
title to the property attached was under a sale or conveyance
to her from her son Joseph Ashton, made for the purpose of
hindering, delaying and defrauding his creditors; and that the
plaintiff knew and participated in this fraudulent and illegal
intent and purpose.

Trial in the Superior Court, before *Bacon,* J., who allowed a
bill of exceptions, which, after stating the pleadings in the case,
proceeded as follows :

The plaintiff in his opening and during the whole of the trial
did not contend that the defendant had wrongfully taken or
detained the fixtures and safe, but contended that the defendant
had wrongfully taken and detained only the stock in trade.
There was no evidence tending to show that the defendant had
wrongfully attached, taken or detained any of . the fixtures or

the safe, but the evidence showed that he had not done so, and that he had no claim to any of the property named in the writ except by virtue of the attachment. There was no dispute that the defendant had attached and taken and detained the stock in trade.

The plaintiff claimed title to the fixtures and safe, and to the stock in trade, under two bills of sale from Joseph Ashton, dated respectively April 10, 1879, and January 15, 1880; and it appeared that these bills of sale were duly executed and delivered, and that the plaintiff took possession of the shop soon after she received the second bill of sale, and retained Joseph Ashton for a time afterwards, and until the attachment was made, as her clerk or agent. There was other evidence not material to these exceptions.

The defendant asked the judge to instruct the jury as follows: "Inasmuch as there is no evidence that the defendant has wrongfully attached, taken or detained the fixtures and safe described in the writ, the jury should render a verdict in behalf of the defendant for said fixtures and safe."

The judge declined so to rule, but instructed the jury that there was no evidence that the defendant had wrongfully attached, taken or detained said fixtures and safe, and, if they should find for the plaintiff, their verdict could only be for her for the stock in trade, but not for the fixtures or safe.

The jury returned the following verdict: "The jury find for the plaintiff for the stock in trade of groceries and provisions, but not the fixtures and safe, and assess the damages in the sum of one dollar." The defendant alleged exceptions.

*M. G. B. Swift*, for the defendant, admitted that the defendant was not entitled to a return of the goods, but contended that he was entitled to costs, and cited *Richardson* v. *Reed*, 4 Gray, 441; *Gardner* v. *Lane*, 9 Allen, 492; *Hall* v. *White*, 106 Mass. 599.

*A. J. Jennings*, for the plaintiff.

LORD, J. The fixtures and safe, it was agreed, belonged to the plaintiff, acquired by the same title by which all the other property named in the writ was acquired. The defendant had not, and did not claim to have, any title to or possession of the

property; and consequently he is not entitled to a return. The plaintiff at the trial did not claim, nor attempt to show, that the defendant had intermeddled with these articles in any manner. The defendant was not in any manner put to cost or charge by reason of their being inadvertently or otherwise named in the declaration. It appears simply that, when the bill of sale and the officer's return of his attachment were compared, something which before had been considered a part of that entity with which the parties had been dealing was not in fact a part of it, but such discovery made no change in the course of proceeding at the trial; the issue remained the same. That issue was simply, Were the bills of sale of what was in the shop from Joseph Ashton to his mother made in fraud of creditors? We think it would be doing injustice, upon pleadings such as are in this case, which were designed to present, and did present, the question in controversy between the parties, to treat the matter otherwise than as above stated. In legal effect, the answer of the defendant is an avowry of the taking, and, as is sometimes said in reference to an avowry, the defendant becomes a plaintiff and declares against the plaintiff as having wrongfully taken the property out of his possession; and we can treat the pleadings in this case only as a replevying of a stock in trade aggregated as a single thing, and a declaration by the defendant that he properly attached that chattel as the property of Joseph Ashton, who was once the owner, and between whom and the plaintiff there was a fraudulent agreement to put it out of the way of attachment.

We do not decide any more than this: that the parties having elected to go to trial without regard to the technicalities of pleading, and having tried the cause upon its merits, must now be content with the result, and not be permitted to interpose a technical objection of pleading in order to obtain costs upon an issue which has never been tried, and in regard to which the defendant has no rights. Nor have we thought it necessary carefully to analyze the answer to see if it is competent under it to put in issue any other question than the question tried, that of a fraudulent transfer of the property to the plaintiff by Joseph Ashton. As above remarked, the parties proceeded in the trial as if fixtures and safe were stricken from the declaration.

No inquiry was had in reference to them; if the parties had deemed it material, undoubtedly it would have been competent for the plaintiff to have proved that, although the defendant did not include in his return of his attachment fixtures and safe, yet his conduct at the time of the attachment amounted in law to an actual seizure of all the property of every description which was in the shop at the time, and which was the subject of the conveyance by the bills of sale claimed to have been fraudulent. That, however, was not an issue, and it would be unjust and inequitable for the court to assume that an issue had been found in favor of the defendant when it is entirely clear that such is not the fact.

The verdict was indeed in this form: " The jury find for the plaintiff for the stock in trade of groceries and provisions, but not the fixtures and safe, and assess the damages in the sum of one dollar." It is quite clear that no issue was presented to the jury upon the latter part of their verdict, " but not the fixtures and safe," and that part of the verdict may properly be rejected as surplusage, for it is not only competent for the court, but it is its duty, to put into correct form the finding of a jury. If the verdict as affirmed and recorded does not state with technical accuracy their finding upon the real issues tried, and the court can see how it should be corrected, it will reject what is surplusage in it, or in some proper mode make it conform to the real issue tried. This principle is recognized and sustained in *Porter* v. *Rummery*, 10 Mass. 64, in which the authorities in support of the principle reported in *Foster* v. *Jackson*, Hob. 52, 54, and *Hawks* v. *Crofton*, 2 Burr. 698, are referred to approvingly.

In a later case, *Easton* v. *Worthington*, 5 S. & R. 130, which was an action of replevin, the same doctrine was maintained. That was a writ of error. At the trial in the court below, the jury were instructed that, if they found for the defendant, they should also find for him the value of the mare replevied and damages for the detention. The jury found for the defendant for one hundred dollars, which was the value of the mare, and four dollars interest. Upon this writ of error, the court held that the instruction of the court to the jury to find the value of the mare if they found for the defendant was

erroneous, and reviewed all the authorities by which it had been held that the defendant was entitled to a verdict for the value of the replevied property, and held that such verdict was not proper in that case; and that a judgment for that sum ought not to have been entered, but instead of it the judgment should have been of *retorno habendo* and for four dollars damages, which the court held was intended by the jury as compensation for the taking and detention, though given by the name of interest; and the court held that the real issue between the parties having been passed upon, no injustice could be done the plaintiff by putting the verdict into its correct form, and by entering the judgment as it should have been in the court below; referring to a very strong case, *Thompson* v. *Musser*, 1 Dall. 458, decided by the same court.

Both upon principle and authority, then, we think this verdict should have been generally a verdict for the plaintiff; but, qualified as it is by the unnecessary additional words, it gives no right to the defendant for any return or for any costs.

The trial therefore having been had upon the understanding of both parties, throughout the case, that the only question between them was the validity of the sale, and the defendant having no right to any portion of the property if the sale were valid, and the jury having found it to be valid, it was not error in the presiding justice to refuse to instruct the jury to return a verdict for the defendant for any particular article; and the exceptions must therefore be                          *Overruled.*