COMMONWEALTH *vs.* MICHAEL DELEHAN.

Middlesex.    November 26, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Assault and Battery upon Police Officer — Indictment — Surplusage — Verdict.*

An averment, in an indictment for an assault and battery upon a police officer and for knowingly and wilfully obstructing and hindering him in the discharge of his duty, that the assault was made with a " weapon dangerous to life," may be rejected as surplusage.

Upon such an indictment the jury may return a verdict of simple assault, or a general verdict of guilty.

At the trial of such an indictment the foreman of the jury announced the verdict as " Guilty of an assault on a police officer," and the presiding judge, upon the foreman's replying in the affirmative to the question, " I suppose you mean in the execution of his duty ? " stated, " That is a verdict of guilty "; and the jury then returned a second verdict of guilty. *Held,* that the defendant had no ground of exception.

INDICTMENT alleging that the defendant upon one James C. Foley, a police officer, " then and there legally authorized and duly qualified to discharge and perform the duties of said office, and being then and there in the lawful execution of the same, did make an assault with a certain weapon dangerous to life, to wit, with a certain knife, and him, the said James C. Foley, did then and there knowingly, wilfully, and designedly obstruct, hinder, and oppose, while he, the said James C. Foley, was so in the lawful execution and discharge of the duties of his said office, and that the said Michael Delehan him, the said James C. Foley, did then and there beat, bruise, wound, and ill treat."

At the trial in the Superior Court, before *Thompson,* J., the defendant asked the judge to rule : " The indictment will justify no general conviction of guilty.   There is such an offence as an assault on a police officer in the execution of his duty ; but there is no such crime as an assault on a police officer with a weapon dangerous to life."

The judge ruled substantially as requested, except as to the indictment not justifying a general verdict of guilty, and instructed the jury, among other things, that the allegation as to

the dangerous weapon was merely descriptive of the manner of committing the offence charged.

The jury in declaring the verdict announced it as follows : " Guilty of an assault on a police officer." The judge thereupon said, " I suppose you mean in the execution of his duty ? " and, upon the foreman's replying " Yes," stated, " That is a verdict of guilty." The jury then returned a second verdict of guilty. The defendant alleged exceptions.

*P. J. Doherty & E. D. Sibley*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

MORTON, C. J. This is an indictment for an assault and battery upon a police officer, and for knowingly and wilfully obstructing and hindering him in the discharge of his duty. The allegation that the assault was made with a dangerous weapon is descriptive of the manner of the assault ; it does not make it a different offence, it does not affect the substance of the charge, and may be rejected as surplusage. The court rightly refused to rule that the indictment would justify no general verdict of guilty. Under this indictment it was competent for the jury to return a verdict of guilty of a simple assault or a general verdict of guilty, which would be a finding of the aggravated assault charged in the indictment, being an assault upon an officer in the discharge of his duty. *Commonwealth* v. *Kirby*, 2 Cush. 577.

In the case at bar, when the jury returned into court, the foreman announced the verdict as " Guilty of an assault on a police officer." This clearly indicated that the verdict was intended to be for an aggravated, and not for a simple assault. But the verdict was not correct in form, as it did not state with technical accuracy their finding upon the issue tried. It was the right and duty of the judge to instruct the jury as to the correct form of their verdict. And when, in answer to his question, the foreman replied that they meant a verdict of guilty of assault upon an officer in the discharge of his duty, he correctly instructed them that the proper form was a general verdict of guilty. Their second verdict of guilty was rightly received and recorded, and it corrected any irregularity in the first verdict. The defendant has no ground of exception. *Commonwealth* v. *Thompson*, 116 Mass. 346. *Ashton* v. *Touhey*, 131 Mass. 26.

*Exceptions overruled.*