COMMONWEALTH vs. BENJAMIN HOLMES & another.

Suffolk.    November 25, 1895. — March 9, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Indictment — Duplicity — Verdict.*

An indictment under Pub. Sts. c. 202, § 26, alleged in one count that the defendant, at a time and place named, " with intent to commit larceny, to wit, with intent feloniously to steal, take, and carry away the property," etc. of A., " then in a certain building, to wit, the dwelling-house of the said A., there situate, feloniously and unlawfully, in said building, did then confine, injure, beat, bruise, wound, and put in fear the said A., who was then and there in said building, by then and there seizing and holding the said A., for the purpose then and there of feloniously stealing, taking, and carrying away from the said building the property," etc. of A., " then in said building being " ; and in another count that the defendant, at the same time and place, " with the intent to commit larceny in and upon one A. an assault did make and him the said A. in a certain building, to wit, the dwelling-house of the said A. there situate, feloniously and unlawfully did then and there confine, beat, bruise, wound, and put in fear, for the purpose then and there of feloniously stealing, taking, and carrying away from the said building the moneys, goods, and chattels of the said A. in said building then and there being." *Held*, that the indictment was not open to the objection of duplicity, and the unnecessary averments did not render it bad; and that a verdict of guilty on both counts was not inconsistent.

INDICTMENT, under Pub. Sts. c. 202, § 26, in three counts, the first of which alleged that the defendants, on September 3, 1895, at Boston, " with force and arms, and with intent to commit larceny, to wit, with intent feloniously to steal, take, and carry away the property, moneys, goods, and chattels of one Yee Tarn, then in a certain building, to wit, the dwelling-house of the said Yee Tarn, there situate, feloniously and unlawfully, in said building, did then confine, injure, beat, bruise, wound, and put in fear the said Yee Tarn, who was then and there in said building, by then and there seizing and holding the said Yee Tarn, for the purpose then and there of feloniously stealing, taking, and carrying away from the said building the property, moneys, goods, and chattels of the said Yee Tarn, then in said building being."

The second count is not material to be stated.

The third count alleged that the defendants, at the same time

and place, "with force and arms, and with the intent to commit larceny in and upon one Yee Tarn an assault did make, and him the said Yee Tarn in a certain building, to wit, the dwelling-house of the said Yee Tarn there situate, feloniously and unlawfully did then and there confine, beat, bruise, wound, and put in fear, for the purpose then and there of feloniously stealing, taking, and carrying away from the said building the moneys, goods, and chattels of the said Yee Tarn in said building then and there being."

In the Superior Court, before the jury were empanelled, the defendants moved to quash the indictment, for the following reasons:

"1. The indictment is bad for duplicity, in conjunctively describing and alleging several offences in each count, when the statute makes them disjunctive. 2. Uncertainty as to which offence of the statute is described, and the pleading in each count is alternative. 3. With reference to the same premeditated act describing and alleging in the same counts a simultaneous attempt to commit the crimes of assault with intent to rob, larceny, and confining in the second count, and also that of confining a person with intent to commit larceny. 4. The indictment is bad for both duplicity and uncertainty as to which offences, — robbery, assault with intent to rob, and confining a person 'both with and without the intent to commit larceny,' — is meant to be charged from the language in each count in the indictment. 5. There is no averment in each count that the language is but different descriptions of the same act, as the time and particulars of the offence are the same in each count of the indictment."

*Gaskill,* J. sustained the motion as to the second count, and overruled the same as to the first and third counts; and the defendants excepted.

At the trial, the judge instructed the jury, without objection, as to the third count, that the only offence therein charged was an assault with intent to commit larceny, and gave other instructions appropriate thereto, to which no objection was made.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*F. F. Sullivan & J. M. Sullivan,* for the defendants.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth.

ALLEN, J. The second count having been quashed, we have before us only the objections to the first and third counts.

The defendants contend that each count is bad for duplicity, and that a verdict of guilty on the two counts involves an inconsistency.

By Pub. Sts. c. 202, § 26, "Whoever with intent to commit larceny . . . confines, maims, injures, or wounds, . . . or puts in fear any person, for the purpose of stealing from a building," is made punishable.

The first count sufficiently charges the above offence, though with unnecessary averments as to the details of the intent and of the acts done, and without accurately following the language of the statute; but it is not open to the objection of duplicity, although all the elements of another offence, viz. assault and battery, are contained therein. *Commonwealth* v. *Harney,* 10 Met. 422. *Commonwealth* v. *Brown,* 14 Gray, 419, 430, 431. *Jennings* v. *Commonwealth,* 105 Mass. 586. *Commonwealth* v. *Thompson,* 116 Mass. 346. *Commonwealth* v. *Darling,* 129 Mass. 112. 1 Bish. Crim. Proc. §§ 434–439.

The third count appears to be founded upon the same section of the statutes, but alleges an "assault," which word is not found in that section, and adds particulars substantially as in the first count. Neither of the two counts follows the statute with as much exactness as is desirable, but each contains enough to stand as a valid charge under § 26, and the unnecessary details do not render it bad. No objection was made to the instructions to the jury.

The various acts charged in both counts are all consistent with one another, so that there is no inconsistency in the verdict of guilty on both counts; the objections not existing which were found in *Commonwealth* v. *Fitchburg Railroad,* 120 Mass. 372, 381, and in *Commonwealth* v. *Boston & Maine Railroad,* 133 Mass. 383, 391, 392.

*Exceptions overruled.*