## ROWAN et al. v. UNITED STATES. *

### (Circuit Court of Appeals, Fifth Circuit.   March 14, 1922.)

### No. 3757.

1. **Indictment and information ⬅125(39)—Count in indictment, charging assault, wounding, and robbery of mail, held not duplicitous.**

   Under Criminal Code, § 197 (Comp. St. § 10367), providing that whoever shall assault any person having lawful charge of mail matter, with intent to rob or steal such mail matter, or shall rob any such person of such mail, shall be subject to imprisonment for 10 years, and if, in effecting such robbery, he shall wound the custodian or put his life in jeopardy by the use of a dangerous weapon, he shall be imprisoned 25 years, a count in an indictment *held* not bad for duplicity because it charged defendants with each of the acts denounced as offenses in said section.

2. **Indictment and information ⬅125(41)—Count is not double because it charges included offenses.**

   A count in an indictment is not double because it charges several related acts, all of which enter into and constitute a single offense, though such acts may in themselves constitute distinct offenses.

3. **Criminal law ⬅508(3)—Defendant is competent witness against codefendants.**

   Comp. St. § 1465, providing that a defendant "shall at his own request, but not otherwise, be a competent witness," does not make the competency of one defendant as a witness dependent on the consent of a codefendant, and his testimony, voluntarily given, is admissible against his codefendants.

4. **Criminal law ⬅423(1)—Evidence of criminal acts admissible against coconspirator.**

   Where there was evidence that a defendant was party to a plan to commit a postal robbery, evidence of the acts of his codefendants in carrying out the plan was admissible against him.

5. **Post office ⬅49—Evidence of possession by defendant of money stolen from post office held admissible.**

   In a prosecution for robbery of a postal station, testimony that part of the stolen money was found and seized in the home of a defendant on the following day by local police officers without a search warrant, but who had no connection with the federal government, *held* admissible, where such defendant made no claim to or demand for return of the money.

6. **Criminal law ⬅394—Evidence wrongfully obtained by another may be used by United States.**

   It is permissible for the United States to make use of pertinent evidence wrongfully obtained, when it had no part in wrongfully obtaining it.

7. **Witnesses ⬅260—May be permitted to explain false statement.**

   Where there was testimony that a government witness had stated in the presence of one of the defendants that the latter was not one of the guilty parties, it was permissible to show that immediately after such defendant left the witness told the officer that the statement was not true and explained why he made it.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Criminal prosecution by the United States against Albert Rowan and others.   Judgment of conviction, and defendants bring error.   Affirmed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 258 U. S. —, 43 Sup. Ct. 12, 67 L. Ed. —.

Jed C. Adams and W. B. Harrell, both of Dallas, Tex., for plaintiffs in error.

Henry Zweifel, U. S. Atty., and Ben P. Allred, Asst. U. S. Atty., both of Fort Worth, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. [1] This case went to trial on the first count of the indictment, which was demurred to by the plaintiffs in error, Albert Rowan and Ben Luna. The ground of demurrer relied on in argument is one suggesting that that count is duplicitous, because it charges more than one separate and distinct offense. The count mentioned charged that the plaintiffs in error, W. S. Scrivnor and three other named persons, did on a stated date commit an assault upon named custodians while they were in charge of United States registered mail at the Jackson Street substation of the United States post office at Dallas, Tex., and did with dangerous and deadly weapons, to wit, loaded pistols, assault the said custodians and put them in great fear of serious bodily injury and death, by pointing said pistols at such custodians and shooting the said custodians, with intent to rob, steal, and purloin the said registered mail in the possession of said custodians, and did then and there rob, take, steal, and carry away from the presence of said custodians and against their will a large amount of said registered mail, and in effecting said robbery did then and there wound two named custodians of said mail, by shooting them with pistols, and in effecting said robbery did put the life of each and all of said custodians in jeopardy by the use of dangerous weapons, to wit, loaded pistols. The following is section 197 of the Criminal Code (Comp. St. § 10367:

"Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

The objection on the ground of duplicity is based upon the charge made in the count embracing both the offense which, under the quoted statute, is punishable by imprisonment for not more than 10 years, and also the offense which, under the same statute, is punishable by imprisonment for 25 years. The above-mentioned averments are decriptive of a single alleged occurrence. The count being one making the charge that the defendants therein committed the offense punishable by imprisonment for 25 years, the alleged occurrence could not properly have been so described that the defendants could not, under the count, be found guilty of the offense punishable by imprisonment for not more than 10 years.

"In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment." R. S. § 1035 (Comp. St. § 1701).

[2] One count may charge the doing of the thing denounced by the statute in each of the prohibited modes. A count in an indictment is not double, because it charges several related acts, all of which enter into and constitute a single offense, though such acts may in themselves constitute distinct offenses. Crain v. United States, 162 U. S. 625, 636, 16 Sup. Ct. 952, 40 L. Ed. 1097; Commonwealth v. Holmes, 165 Mass. 457, 43 N. E. 189; Farrell v. State, 54 N. J. Law, 416, 24 Atl. 723.

[3] W. S. Scrivnor, one of the indicted persons, entered a plea of guilty, and testified as a witness for the prosecution. His testimony, voluntarily given, was admissible against his codefendants. The provision of the statute (U. S. Compiled Statutes, § 1465) to the effect that a defendant in a criminal case shall, at his own request but not otherwise, be a competent witness, does not make the competency of one defendant as a witness dependent upon the consent of a codefendant. The objection by Rowan and Luna to the admission against them of the testimony of their codefendant Scrivnor was properly overruled.

[4] The testimony of Scrivnor included an account of what occurred, during the afternoon preceding the evening of the robbery, in a room in a hotel in Dallas while the witness, Rowan, Luna, Pat Murphy, and several other persons were present. In the course of the discussion of the plan to rob the Jackson Street post office, Murphy asked Rowan if he could be positive that the money was there at that time, and before Rowan could answer Luna spoke up and said: "No doubt about the money being there, because it goes there every day—several times during the day." When it was agreed that everybody was to have two guns, and it was found that there were two guns short, Rowan said he had two guns in soak for $50, and Luna "spoke up and says not to let that bother you. * * * I will give $50 to get the guns out of soak." Thereupon Luna gave Rowan a $50 bill, with which Rowan left the room, and in a few minutes came back with two guns. There was evidence tending to prove that Rowan got the two guns he brought back by paying to the person having them the $50 received from Luna. Testimony of the witness as to what thereafter occurred in consummating the robbery—his testimony not showing that Luna was present or did anything in addition to what was indicated by the above-mentioned part of his testimony—was objected to in behalf of Luna. The testimony so objected to was properly admitted. The above-mentioned part of the testimony tended to prove that Luna was a party to the plan to commit the robbery and that he aided and abetted his co-conspirators. Evidence of the acts of his co-conspirators in furtherance of the unlawful design to which he was a party was admissible against him.

[5] Over Rowan's objection the court admitted as evidence against him testimony to the effect that in a search of Rowan's home during the morning of the day after the robbery by detectives and police officers of the city of Dallas, who had no warrant to arrest any one or for the search or seizure of anything, there was found a small grip which contained four pistols and several packages of money. Other evidence adduced tended to prove that those packages of money were

included in what was taken in the robbery of the Jackson Street post office. So far as appears, Rowan made no claim that the grip or its contents belonged to him, and did not ask for an order that any part of what was so seized be returned or delivered to him. It was not shown that any one having any official connection with the United States took part in the search of Rowan's home. The transaction testified to did not involve violations of the Fourth Amendment to the Constitution of the United States, which gives protection against unlawful searches and seizures, or of the Fifth Amendment to that Constitution, which secures the citizen from compulsory testimony against himself, as those provisions relate to action by the federal government and its agencies, and are not applicable to misconduct of persons who acted under no claim of federal authority. Weeks v. United States, 232 U. S. 383, 398, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

[6] It is not open to question that evidence of money taken in the robbery being in Rowan's house shortly thereafter was pertinent to the issue raised by his plea of not guilty to a charge that he was a party to the robbery. The circumstance that a witness introduced to prove a fact or transaction acquired knowledge thereof by unlawful conduct for which the party offering his testimony was in no manner responsible does not render his testimony in regard thereto inadmissible. It is permissible for the United States to make use of pertinent evidence wrongfully obtained when it had no part in wrongfully obtaining it. Burdeau v. McDowell, U. S. Supreme Court June 1, 1921, 256 U. S. 465, 41 Sup. Ct. 574, 65 L. Ed. 1048; Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575. It may be supposed that, but for what the Dallas policemen and detectives did on the morning following the robbery, an agency of the government, in a lawful and proper manner, might have obtained the incriminating evidence found in Rowan's home. It not being made to appear that any official of the federal government had anything to do with the transaction which was deposed to, the evidence of that transaction was not subject to the objection which was made. By adducing testimony to prove that transaction the prosecution, which was not responsible for the misconduct of the witnesses, did not require any unreasonable search or seizure, and did not compel Rowan to testify against himself.

[7] There was testimony tending to prove that when, on an occasion prior to the trial, Luna was brought into the presence of Scrivnor, the latter said that the former was not one of the guilty persons. Over Luna's objection the court admitted testimony of Scrivnor to the effect that immediately after Luna left Scrivnor's presence on that occasion, Scrivnor said to the officer that Luna was one of the men, and that he (Scrivnor) stated that Luna was not one of the men because Luna was in such a nervous condition, and that it would be a relief to him not to be identified. It was not error to permit the witness to give his explanation of the alleged false statement made in Luna's presence. Shipley and Vaughn v. United States (U. S. Circuit Court of Appeals, 5th Circuit) 281 Fed. 134.

All the evidence as to the commission of the robbery tended to prove that in the effecting of it the lives of the custodians of the mail were put in jeopardy by the use of loaded pistols. This being true, it was not reversible error for the court to instruct the jury to the effect that they need not determine whether the defendants were guilty of a mere assault with intent to rob, or of a robbery not involving the putting in jeopardy of the life of any one. There was no evidence of the commission of an offense less than the one which, under the statute, is punishable by imprisonment for 25 years.

The record does not show any reversible error. The judgment is affirmed.