CARL O. HARDING *vs.* COMMONWEALTH.

Suffolk.   December 15, 1932. — June 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, & LUMMUS, JJ.

*Error, Writ of. Practice, Criminal,* Sentence. *Evidence,* Presumptions
and burden of proof. *Constitutional Law,* Cruel and unusual punishment. *Receiving Stolen Goods.*

A judgment must be erroneous on the face of the record in order to be
reversible on writ of error; it is deemed to be good unless error is
thus shown.

One indicted upon two counts which respectively charged him with the
receipt of six pieces of paper, each of the value of one cent, and of a
bank book of the value of ten cents, the property of different owners,
knowing them to be stolen, was found guilty on both counts and was
sentenced for his crimes as set forth in the two counts to be punished
by imprisonment in the State prison for a term of not more than eight
years and not less than five years.   A petition for a writ of error
assigned as alleged error that the sentence to the State prison was not
warranted by law because the penalty for the offence with which he
was charged was governed by G. L. (Ter. Ed.) c. 266, § 61.   The
record brought before the single justice contained nothing to show
that the conviction was a first conviction of the prisoner for receiving
stolen property, nothing to show that he had made restitution of the
goods which he was found to have received, and nothing to show
whether the act of stealing was simple larceny or was committed
under aggravating circumstances enhancing its enormity.   The
judgment of the Superior Court was ordered affirmed.   On exceptions
by the plaintiff in error, it was *held,* that

(1) The burden was on the plaintiff in error to prove the error he
alleged by showing that it was his first conviction, that he had made
restitution, and that the act of stealing was simple larceny, not committed under aggravating circumstances enhancing its enormity;

(2) This was not an instance where previous conviction was an
essential part of the offence charged and must accordingly be laid in
the indictment and proved as charged;

(3) The plaintiff in error had failed as a matter of law to show
error, and the judgment rightly was affirmed.

It appearing from the record in the case above described that the offences
alleged in the two counts of the indictment upon which the plaintiff
in error was convicted were not one and the same but were of the same
nature, it was proper to impose the single sentence not exceeding the
maximum sentences which would have been permissible if a separate
sentence had been imposed on each count.

Such single sentence imposed in such circumstances was as certain and definite as the established law and practice require.

The record before the court in the case above described did not disclose facts as to the personal history of the prisoner brought to the attention of the trial judge in imposing the sentence. The plaintiff in error contended that the sentence was in violation of the provision of art. 26 of the Declaration of Rights of the Constitution of this Commonwealth prohibiting the imposition of cruel and unusual punishment. *Held,* that

(1) To authorize a sentence of five years for receiving stolen property is within legislative competency;

(2) The value of the stolen property as set forth in the indictment was slight indication of the gravity of the offence committed;

(3) The record did not disclose and the plaintiff in error had not proved that the sentence was cruel or unusual.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 18, 1932, for a writ of error seeking the reversal of a judgment sentencing the plaintiff as described in the opinion.

The writs of error and of scire facias were issued. The facts shown by the record returned are stated in the opinion.

The case was heard by *Field,* J., by whose order the judgment of the Superior Court was affirmed. The plaintiff alleged exceptions.

*L. Goldberg,* for the plaintiff in error.

*J. E. Warner,* Attorney General, & *S. D. Bacigalupo,* Assistant Attorney General, for the Commonwealth, submitted a brief.

RUGG, C.J. This is a petition for a writ of error to reverse a judgment entered in the Superior Court. The prisoner was found guilty upon two counts in an indictment which respectively charged him with the receipt of six pieces of paper, each of the value of one cent, and of a bank book of the value of ten cents, the property of different owners, knowing them to be stolen. He was then sentenced for his crimes as set forth in these two counts to be punished by imprisonment in the State prison for a term of not more than eight years and not less than five years.

The first assignment of error is that the sentence to the State prison is not warranted by law because the penalty for the offence with which he is charged is governed by G. L.

(Ter. Ed.) c. 266, § 61. That section provides that "If, upon a first conviction under the preceding section, it is shown that the act of stealing the property was a simple larceny, and if the person convicted makes restitution to the person injured to the full value of the property stolen and not restored, he shall not be imprisoned in the state prison." The "preceding section" among other provisions authorizes sentence to the State prison for receiving stolen property knowing it to be stolen.

A judgment must be erroneous on the face of the record in order to be reversible on writ of error; it is deemed to be good unless error is thus shown. There is nothing on the face of this record to show that this was the first conviction of the prisoner for receiving stolen property so that he was required to be sentenced under said § 61.

The burden was on the plaintiff in error to show that it was his first conviction. The record fails to show that he has never before been convicted and sentenced for the crime of receiving stolen goods, or that he has made restitution of those here alleged to have been received. These facts cannot be presumed. They must appear on the record. *Stevens* v. *Commonwealth*, 4 Met. 360, 363. There is nothing in the record to show whether the act of stealing was simple larceny or was committed under aggravating circumstances enhancing its enormity. *Hopkins* v. *Commonwealth*, 3 Met. 460. The burden of making these facts appear rests upon the prisoner. *Stevens* v. *Commonwealth*, 4 Met. 360, 363. *Crowley* v. *Commonwealth*, 11 Met. 575, 580. This is not an instance where previous conviction is an essential part of the offence charged and must accordingly be laid in the indictment and proved as charged. *Commonwealth* v. *Harrington*, 130 Mass. 35. *Commonwealth* v. *Fortier*, 258 Mass. 98, 100. That is demonstrated by G. L. (Ter. Ed.) c. 266, § 62, whereby provision is expressly made for more severe punishment for one convicted of receiving stolen property having been before convicted of the like offence. These provisions in said § 61 indicate that they were not intended to be an integral part of the crime but were meant to give to a defendant after conviction

an opportunity to obtain a lesser sentence by proving the mitigating circumstances of its being his first offence and of having made restitution. This interpretation receives confirmation from the form of St. 1804, c. 143, § 13, the original statute as to restitution as a consideration in imposing sentence. These provisions bear some analogy to G. L. (Ter. Ed.) c. 276, § 55, allowing the discharge in some circumstances of a person accused of assault and battery if the injured person acknowledges satisfaction, and to G. L. (Ter. Ed.) c. 279, § 11, enacting that in specified conditions where the penalty for a crime is fine and imprisonment, punishment by fine only, or by imprisonment only, may be imposed if the person convicted shows to the satisfaction of the court that he has not before been convicted of a similar crime. These provisions are substantially different from those imposing a heavier sentence for a second offence. They constitute something in mitigation of sentence which may be shown by a defendant. *Flaherty* v. *Thomas*, 12 Allen, 428, 433. *Commonwealth* v. *McDonough*, 13 Allen, 581, 583. *Commonwealth* v. *Markarian*, 250 Mass. 211, 214. There is in the record a report to the department of mental diseases to the effect that in 1922 and in 1926 the prisoner was convicted of similar offences. This report and its contents may have been known to the trial judge. G. L. (Ter. Ed.) c. 123, § 100A. *Commonwealth* v. *Devereaux,* 257 Mass. 391, 397. Plainly, the burden resting upon the prisoner of showing error in the sentence by the face of the record has not been sustained. *Commonwealth* v. *Lowrey*, 159 Mass. 62.

The second and third assignments of error are in substance that, even if the sentence was rightly imposed under G. L. (Ter. Ed.) c. 266, § 60, it was unlawful because the maximum permissible sentence was five years in the State prison. The indictment by its terms set forth, in the two separate counts upon which the prisoner was found guilty, different crimes of the same general nature.

This form of criminal pleading has long been recognized as proper. *Commonwealth* v. *Slavski*, 245 Mass. 405, 411;

*Commonwealth* v. *Gallo*, 275 Mass. 320, 323, and cases collected.   G. L. c. 277, § 46.

There is nothing in the contention that these two counts related to one and the same offence.   They plainly describe different crimes, each committed with respect to a separate and distinct owner of property.   The circumstance that they are alleged to have been committed on the same day is of no consequence.   *Carlton* v. *Commonwealth*, 5 Met. 532, 534.

Although a verdict of guilty was rendered on each of these two counts, a single sentence was imposed not exceeding the maximum sentences permissible if a separate sentence had been imposed on each count.   It was said by Chief Justice Shaw in *Carlton* v. *Commonwealth*, 5 Met. 532, at page 534, in upholding such a single sentence, "that it is not necessary, in such cases, to award separate sentences, where they are so far alike that the whole of the judgment is but the sum of the several sentences to which the convict is liable."   To the same effect is *Booth* v. *Commonwealth*, 5 Met. 535.   The law of this Commonwealth as thus declared has stood without question for more than ninety years.   *Josslyn* v. *Commonwealth*, 6 Met. 236.   *Crowley* v. *Commonwealth*, 11 Met. 575, 578.   It was said by Chief Justice Gray in *Commonwealth* v. *Foster*, 122 Mass. 317, at page 318–319: "By our law, several offences of the same general nature, and punishable in the same manner, may be joined in one indictment; and, in case of a general verdict of guilty upon all the counts, the sentence may be either entire upon the whole indictment, or distinct upon each count, and to take effect upon the expiration of a previous sentence."   See also *Commonwealth* v. *King*, 202 Mass. 379, 382, 394.   There is nothing inconsistent with this practice in *Stevens* v. *Commonwealth*, 4 Met. 360, where the question was not raised, discussed or considered, and where the opinion shows that the court was treating the case on the footing that only one offence was involved. The practice in the Federal courts seems to conform to that of this Commonwealth, as shown by the following

Circuit Court of Appeals decisions: *Myers* v. *Morgan*, 224 Fed. Rep. 413, 415. *Neely* v. *United States*, 2 Fed. Rep. (2d) 849, 852–853. *Flynn* v. *United States*, 57 Fed. Rep. (2d) 1044, 1047. *Warden of United States Penitentiary* v. *De Londi*, 62 Fed. Rep. (2d) 981, 982.

The fourth assignment of error is that the single sentence on the two counts is unlawful because it lacks definiteness and certainty of commencement of sentence for the offence charged in the second count. What has been said respecting the second and third assignments of error and the authorities there cited show that there is no merit in this assignment. The single sentence imposed is as certain and definite as the established law and practice require. Nothing inconsistent with this conclusion was decided in *Kite* v. *Commonwealth*, 11 Met. 581, 585. The sentence imposed reveals with certainty the intent of the trial judge as to the length of confinement in prison. *United States* v. *Daugherty*, 269 U. S. 360. The court might have imposed a sentence on each of the two counts, one to take effect on the expiration of the other, both aggregating the same in time as the single sentence actually imposed. The practical consequences to the prisoner are the same, whichever form is used.

The fifth assignment of error is that the provision of art. 26 of the Declaration of Rights of the Constitution of this Commonwealth prohibiting the imposition of cruel and unusual punishment was violated by the sentence imposed. No greater aggregate sentence was imposed than was authorized. Indeed, if the maximum sentence permitted by G. L. (Ter. Ed.) c. 266, § 60, had been imposed on each count, to take effect consecutively, there would have been a longer term of imprisonment than the single sentence actually imposed. Manifestly, there is nothing cruel or unusual in the term of imprisonment prescribed by § 60. It is for the General Court in the main to establish the maximum terms of sentence for the several crimes known to the law. To authorize a sentence of five years for receiving stolen property is within legislative competency. *Sheehan, petitioner*, 254 Mass. 342. *Howard* v. *Fleming*, 191 U. S. 126, 135. *Bad-*

*ders* v. *United States,* 240 U. S. 391, 394. The value of the stolen property as set forth in the indictment is slight indication of the gravity of the offence committed. The record does not disclose facts as to the personal history of the prisoner brought to the attention of the trial judge in imposing the sentence, which may have justified or required a heavy sentence.

No one of the assignments of error can be sustained.

*Exceptions overruled.*