J. WALTER QUINN *vs.* COMMONWEALTH.

Suffolk.    November 18, 1938. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Error, Writ of. Contempt. Practice, Criminal*, Proceedings for contempt, Jury trial, Sentence. *Pleading, Criminal*, Complaint, Bill of particulars. *Jury and Jurors.*

*Dolan* v. *Commonwealth, ante*, 325, followed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on June 7, 1938, and afterwards amended, for a writ of error.

The case was reserved and reported by *Dolan*, J.

*F. X. Hurley*, (*G. A. Goldstein & M. H. Frank* with him,) for the plaintiff in error.

*E. O. Proctor*, Assistant Attorney General, for the Commonwealth.

FIELD, C.J.   This is a writ of error to review a judgment of the Superior Court, whereby the plaintiff in error — the defendant in the Superior Court, and herein referred to as the defendant — was adjudged guilty of contempt and sentenced to imprisonment in the common jail for two and one half years.   It comes before us on a reservation and report identical with that in the case of *Dolan* v. *Commonwealth, ante*, 325.   The complaint and the order adjudging the defendant guilty of contempt and sentencing him to imprisonment are, with the necessary changes in names, substantially the same as the complaint and order in the other case.

The motion denied by the single justice that "'suitable process' issue to the end that a transcript of the evidence taken at the trial on the merits in the court below be made a part of the record," was the same in terms as the motion denied in the case of *Dolan* v. *Commonwealth*. What is said in the opinion in that case with respect to the denial of the like motion is equally applicable to the denial of the motion in the present case. The motion was denied rightly.

The first, second, third, fourth, fifth, sixth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-fourth, thirty-fifth and thirty-sixth assignments of error in the present case are precisely, or substantially, the same, respectively, as applied to this defendant, as the first, second, third, fourth, sixth, seventh, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-eighth, thirty-ninth and fortieth assignments of error in the case of *Dolan* v. *Commonwealth*, as applied to the defendant in that case. These assignments of error in the present case are disposed of by what is said in the opinion in the other case with respect to like assignments. The seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, thirty-second, thirty-third and thirty-seventh assignments of error are based upon the evidence. Since the evidence, for reasons stated in *Dolan* v. *Commonwealth*, is not a part of the record no error is shown. The twenty-fourth and twenty-fifth assignments of error relate to the failure of the trial judge to make a finding of facts and raise no question not covered by what is said in the opinion in the other case with respect to like assignments. No question of law is presented by the assignments of error in this case that is not dealt with and decided adversely to the defendant in the case of *Dolan* v. *Commonwealth*.

It follows that since the ruling of the single justice was right the exception thereto must be overruled, and since no error is disclosed in the record of the case in the Superior Court the judgment of that court must be affirmed.

*So ordered.*