JAMES E. COLLINS *vs.* COMMONWEALTH.

Suffolk.　November 1, 1943. — December 1, 1943.

Present: FIELD, C.J., LUMMUS, COX, & RONAN, JJ.

*Larceny. Practice, Criminal,* Sentence.

A general finding of "guilty" at the hearing of an indictment in several counts meant guilty as charged in each count.

No error was shown in a sentence to State prison under G. L. (Ter. Ed.) c. 266, § 40, after conviction upon each count of an indictment in six counts charging six separate larcenies and after adjudication that the defendant was a common and notorious thief, although the larceny charged in each count was of property less than $10 in value.

To be sentenced as a common and notorious thief under G. L. (Ter. Ed.) c. 266, § 40, a defendant need not have been convicted upon an indictment charging that he had been previously convicted of three distinct larcenies at the same sitting of the court.

The facts that six alleged larcenies were joined in one indictment of six counts and that it was alleged that the larcenies were all committed on the same day did not show error in an adjudication that they were "distinct" within G. L. (Ter. Ed.) c. 266, § 40, or in a sentencing of the defendant under that statute as a common and notorious thief.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 6, 1943, for a writ of error.

The case was heard by *Qua,* J., after the writ had issued and return had been made.

*W. G. Hollingsworth,* (*D. J. Lyne* with him,) for the plaintiff in error.

*A. W. Wunderly,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J.   This is a writ of error to reverse a sentence of not less than three years nor more than seven years in the State prison, imposed upon the plaintiff in error as a common and notorious thief under the latter part of G. L. (Ter. Ed.) c. 266, § 40.   It was heard by a single justice upon the return to the writ.   *Dolan* v. *Commonwealth,* 304 Mass. 325.   *Quinn* v. *Commonwealth,* 304 Mass. 347.   *Berlandi* v. *Commonwealth,* 314 Mass. 424, 426.   He ordered the judgment affirmed, and reported the case.

The return shows the following facts.   The plaintiff in error was indicted in six counts for six larcenies on the same day of different items of personal property alleged to belong to different persons.   The value alleged in each count was less than $10.   The plaintiff in error waived trial by jury, and was tried by a judge of the Superior Court who made a general finding of "guilty."   That finding, like a general verdict of guilty, meant guilty as charged, on every count.   *Commonwealth* v. *Carey,* 103 Mass. 214, 216.   *Commonwealth* v. *Delehan,* 148 Mass. 254.   *Benson* v. *Commonwealth,* 158 Mass. 164, 166.   The judge then "adjudged" the plaintiff in error "to be a common and notorious thief, he having been convicted of three distinct larcenies at the same sitting of the court."   Such an express adjudication was customary and proper, though not strictly necessary.   *Rice* v. *Commonwealth,* 12 Met. 246.   *Commonwealth* v. *McKnight,* 289 Mass. 530, 536, 548.

The statute under which the sentence was imposed originated in St. 1804, c. 143, § 3, and has come down through Rev. Sts. (1836) c. 126, § 19, into G. L. (Ter. Ed.) c. 266, § 40, without much change.   In its present form it reads as follows: ". . . whoever is convicted at the same sitting of the court, as principal or accessory before the fact, of three distinct larcenies, shall be adjudged a common and notorious thief, and shall be punished by imprisonment in the state prison for not more than twenty years or in jail for not more than two and one half years."

The offences charged in the several counts were all simple larcenies, which taken singly were misdemeanors and not felonies.   G. L. (Ter. Ed.) c. 266, § 30.   *Commonwealth* v.

*McKenney,* 9 Gray, 114. *Commonwealth* v. *Rowe,* 257 Mass.
172, 173. If they were "distinct" larcenies, the statute
quoted makes inapplicable the ordinary rule that after a
finding or verdict of guilty upon a number of counts, sen-
tence may be imposed upon them separately or collectively.
*Carlton* v. *Commonwealth,* 5 Met. 532. *Harding* v. *Common-
wealth,* 283 Mass. 369, 373. *Commonwealth* v. *Hull,* 296
Mass. 327, 337, 338. *Commonwealth* v. *Brown,* 302 Mass.
523, 525. *Commonwealth* v. *Mannos,* 311 Mass. 94, 116.
Where the statute quoted applies, the sentence must be a
single "consolidated judgment." *Haggett* v. *Commonwealth,*
3 Met. 457. See also *Commonwealth* v. *Tuck,* 20 Pick. 356,
357; *Jacquins* v. *Commonwealth,* 9 Cush. 279.

The case is not like those in which a defendant was con-
victed upon three or more indictments charging breaking
and entering and also larceny. In such cases it has been
held that after a general verdict of guilty on each indict-
ment the larceny is merged in the greater offence charged,
with the result that the statute quoted does not apply be-
cause no conviction of "larcenies" exists. *Commonwealth* v.
*Hope,* 22 Pick. 1. *Josslyn* v. *Commonwealth,* 6 Met. 236,
239, 240. *Crowley* v. *Commonwealth,* 11 Met. 575. *Kite* v.
*Commonwealth,* 11 Met. 581. *Larned* v. *Commonwealth,* 12
Met. 240, 244, 245. See also *Commonwealth* v. *McLaughlin,*
12 Cush. 612; *Commonwealth* v. *Thompson,* 116 Mass. 346,
348; *Commonwealth* v. *Adams,* 127 Mass. 15, 19; *Common-
wealth* v. *Moore,* 130 Mass. 45; *Commonwealth* v. *Nichols,*
134 Mass. 531, 535; *Commonwealth* v. *McCarty,* 165 Mass.
37; *Commonwealth* v. *Holmes,* 165 Mass. 457; *Common-
wealth* v. *Salah,* 253 Mass. 549; *Commonwealth* v. *Clifford,*
254 Mass. 390; *Commonwealth* v. *Barney,* 258 Mass. 609;
*Commonwealth* v. *Lombardo,* 271 Mass. 41, 45; *Common-
wealth* v. *Bracy,* 313 Mass. 121, 123.

No constitutional objection to the sentence to the State
prison exists under the doctrine of *Jones* v. *Robbins,* 8 Gray,
329, for the plaintiff in error was convicted upon an indict-
ment, not a complaint. *DeGolyer* v. *Commonwealth,* 314
Mass. 626.

To be sentenced as a common and notorious thief under

the statute, the plaintiff in error need not have been convicted under an indictment charging that he had been previously convicted of three distinct larcenies at the same sitting of the court. The case is unlike those in which an offence is aggravated by an earlier conviction, which must be alleged and proved as part of the description of the aggravated offence. *Commonwealth* v. *Harrington,* 130 Mass. 35. *McDonald* v. *Commonwealth,* 173 Mass. 322, 327. *Walsh* v. *Commonwealth,* 224 Mass. 39, 40. Here the offence is simple larceny, without any aggravation. The statute in question provides merely that in some cases larceny shall be punished in a certain way. The point is covered by the decision in *Commonwealth* v. *McKnight,* 289 Mass. 530, 548, in which it was raised for the first time more than a century after the statute was enacted. We see no reason to doubt the correctness of that decision. See also *Harding* v. *Commonwealth,* 283 Mass. 369, 371, 372.

To bring the case within the statute in question, three of the larcenies of which the plaintiff in error was convicted at one sitting must have been "distinct" from each other. The fact that they were joined in one indictment and were alleged to have been committed on the same day does not show that they were not "distinct" larcenies. *Carlton* v. *Commonwealth,* 5 Met. 532. *Crowley* v. *Commonwealth,* 11 Met. 575, 579. *Bushman* v. *Commonwealth,* 138 Mass. 507. *Benson* v. *Commonwealth,* 158 Mass. 164, 166. *Commonwealth* v. *Lowrey,* 159 Mass. 62. *Harding* v. *Commonwealth,* 283 Mass. 369, 373. The sentence imposed by the judge, to say nothing of his express adjudication, implied a finding that at least three of the larcenies of which the plaintiff in error was found guilty were "distinct" offences. *Commonwealth* v. *Millen,* 290 Mass. 406, 414. *Commonwealth* v. *Mannos,* 311 Mass. 94, 104. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90. In the absence of proof to the contrary, it is assumed that the facts warranted the sentence. On a writ of error the burden is upon the plaintiff in error to show by the record that there was error in the judgment. *Stevens* v. *Commonwealth,* 4 Met. 360, 363. *Crowley* v. *Commonwealth,* 11 Met. 575, 580. *Kite* v. *Commonwealth,* 11 Met. 581, 584. *Com-*

monwealth v. *Lawless*, 103 Mass. 425, 433, 434. *Commonwealth* v. *Lowrey*, 159 Mass. 62. *Harding* v. *Commonwealth*, 283 Mass. 369, 371. *Berlandi* v. *Commonwealth*, 314 Mass. 424, 448. In this case no error is shown.

*Judgment affirmed.*